# I

Keionta Hagens (Plaintiff)

v.

Corrections Corporation of America Defendants et al; herein

## Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. § 1343 this is an action to redress the deprivation under color of state law of the constitional rights secured by the U.S. Constitution.

## Plaintiff

Plaintiff Keionta Hagens who at all times herein was a state prisoner being held under 24-261 0.3 D.C. Code Inmates Confined to (C.T.F.) formerly § 24-495-3

## Defendant

(1.) Defendant Corrections Corporation of America is a private operated correctional facility housing Washington D.C. Inmates under custody by the state.

05 1917

(2.) Defendant Captain London, at all times herein worked as a Captain at (C.C.A.) and acted under the color of state law.

## Facts

On April 1st 2004 plaintiff Hagens "violently attacked" and choked to near unconsciousness by defendant London. There was no provoke physical action by plaintiff Hagens nor assaultive action on behalf of plaintiff Hagens.

## II

Plaintiff Hagens was asking, inquiring about his personal property being taken and destroyed by defendants, property paid and purchased by plaintiff's family i.e. G.E.D. books, legal work and personal letters and magazines. Defendant London ran to the scene. I explain to defendant London about the destruction of my personal property. Defendant London told me to go sit down upon my cell bunk, in which I did. Defendant London then took the rest of my property and threw it outside my cell unto the (tier). I complained and was told to get up against the wall, which I thus complied and was thus handcuffed from behind the back. Defendant London then punched me in my face. I fell to the ground. Defendant London continued to punch, hit me in the face, as well as bang my head unto the ground while I am completely non-defensively handcuffed behind my back, he also hit me in my (groin) nutsack. He also took me out and layed me between the doors and starting choking me while Captain Mayes blocked the camera so that none of the events could be taped. I nearly loss conscious and at times thought that defendant London was going to kill me.

## III

Plaintiff Hagens had to be hospitalized for strangulation and abrasion bruises discoloration, rib injury's, groin swelling, hand lacerations from handcuffs behind his back during this whole attack assault (see medical files).

Defendant London lied intentionally to Chief of Security Larry Bynum about the whole incident and violated (C.C.A.) policy by falsifying (5-1-A) incident report, defendant London also failed to file a use of force report C.C.A. policy (9-1) as stipulated by policy of Corrections Corporation of America Directive.

Defendants C.C.A. and London did also violate plaintiff Hagens Liberty Interest by mandatory language stipulated by C.C.A. policy Use of Force and C.C.A. policy of Ethics and Conduct C.C.A. policy (3-3).

Defendants London and Captain Mayes conspired together by blocking the (camera) on the tier in order to shield/hide the assault being done to plaintiff Hagens by defendant London. Captain Mayes conspired in this act. Thus violates plaintiff Hagens (14) Amendment to the United States Constitution.

# IV
# MEMORANDUM OF LAW

Every person including an individual incarcerated, has the right to be free from the fear of offensive bodily conduct and to be free from actual offensive bodily conduct. Any person who violates either of these rights, can be held liable both civilly and criminally. Such conduct is privileged it is merely a question of finding the right theory and the right court... See Johnson v Glick 481 F.2d 1028 at 1032-33.

Defd. Corrections Corporation of America violated Plaintiff Hagens rights to be protected from misuse of authority and failed to properly train and oversee there officers who worked under there care wherefore resulted on Plaintiff Hagens safety and injuries substained by defendant London and Mayes.

Defendant London violated Plaintiff Hagen (14) Amendment to the United States Constitution Due Process which states the Fifth and Fourteenth Amendment prohibits the government from depriving an inmate of life, liberty or property without due process.

Defendant London violated Plaintiff London Liberty Interest which is created by Due Process Clause of its own force. See Sandin v Conner 515 U.S. 472, 484 (1995) citing Sandin

V

Such liberty interest are characterized as inherent in the Constitution, and by states through states or regulations mandatory language stipulates to the C.C.A. policy (use of force) shall never be used to cause harm. See also Hewitt v Helms 459 U.S. 460

Defendants C.C.A. violated plaintiff Hagens 4 and 8 Amendment to the U.S. Constitution due process and cruel and unusual punishment by its officials. Prohibited acts of officers under its care, a supervisor's deliberate indifference to officers pattern of using excessive force is a basis for liability. See Estate of Davis by Ostenfeld v Delo 115 F.3d 1388 (8 Cir 1977)...

Defendant London along with defendant Mayes who at all times mention herein was correctional officers at C.C.A. acting under color of state law did violate plaintiff Hagens constitutional rights protected by 14, 5, 8, amendment to the U.S. Constitution...

Plaintiff Hagens who at all times mentioned herein was a pre-trail detainee who have a right to be protected from acts of violence by penal facility's officers. Weyant v Okst 101 F.3d 845 (2nd Cir 1996)

# VI

The (3) prongs to necessitate a violation by government officials or;

(1.) The use of unnecessary force.

(2.) Wanton or malicious attack meaning that the guard intended to harm the ▓▓▓ inmate.

(3.) Resulting in an actual injury. See EASON v HALT 73 F.3D 600 (5 CIR 1996)

The Supreme Court, however has recognized that the unnecesary and wanton infliction of pain constitutes cruel and unusual punishment in violation of the Eighth Amendment. See WHITELY v ALBERS 475 U.S. 312 at 319 L. ED. 2D 251

Also defendant Mayes in his conspiracy to hide and assist defendant Conlow also holds him liable to damages suffered by plaintiff Andrews. Every person who having knowledge that any of the ▓▓▓ wrongs conspired to be done and mentioned in the proceeding section (42. U.S.C.S. 2 1985) are about to be committed and having power to prevent or aid in preventing or aid in preventing the commission of the same neglects or refuses so to do, if such wrongful act to be committed, shall be liable to the party injured or his legal representatives, for all damages cause

## VII

By such wrong act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case. "Citing Ommitted" United States Code Section 1985 & 1986 Conspiracy...

### Memorandum of Law Con't.

Defendant London was found guilty of excessive use of force against plaintiff Hayes in violation of Corrections Corporation of America (Sec. 4-1) and of not filing a report as stipulated by (5-1-C) C.C.A. Policy. By Lon Paul, Internal Affairs Investigator on June 1, 2004 see Memorandum to F.F. Figueroa Warden of C.C.A....

Also Defendant London and Defendant Mayes lied to Chief of Security, Mr. Larry Bynum in the Investigation Report, see Memorandum. Defendant London also violated C.C.A. Policy 3-3 on business ethics and conduct. (See Policy C.C.A.)

### Relief Sought

That Defendants C.C.A. be held liable and responsible for their negligence to ensure the safety of its prisoners and the not professional training for its officers stipulated by D.C. Dept. of Corr.

## VIII

AND AWARD PLAINTIFF HAGENS the total sum of 100,000 thousand dollars in compensatory damages.

AND That Defendant London for his assault & battery and harm done to plaintiff Hagens Award the total sum of 150,000 thousand dollars in compensatory damages and punitive damages.

AND That Defendant Nunes for his conspiracy to shield hide and lie not or stop the action of defendant London Award the total sum of $25,000 thousand dollars in compensatory and punitive damages to plaintiff Hagens.

(1.) AND any other equitable justice this court deems appropriate?

(2.) Trial by Jury pursuant to Fed. R. Civ. P. 38.

(3.) Appoint counsel pursuant to U.S.C. 1915(D)

I hereby swear the following is true to the best of my knowledge

Keionte Hagens
31585-007

## VIIII

Plaintiff Hagens also would like to supplement the District of Washington D.C. as defendants herein. For there operating a Jail/facility inside the District of Columbia namely Correction Corporation of America/C.T.F. a privately owned facility to houses and detain D.C. pre-trail detainees when they should know as oversee'rs and supervisor's of this facility to operate on it's to be held liable for damages suffered by plaintiff Hagens in and violation of his 14 Amendment to due process and his 8 Amendment against cruel and unusual punishment. A supervisor deliberate indifference to its officials pattern use of excessive force and abuse of authority acting under color of state law and regulations. Is a basis for liability, see Estate of Davis by Ostenfeld v Delo 115 F.3d 1388 (8 Cir 1977) Wherefore plaintiff Hagens seek compensatory and punitive damages of $100,000 thousand dollars from the District of Columbia to plaintiff Hagens. The District of Columbia can be held liable for municipality under 42 U.S.C.S. § 1983 for gross negligence in operating overseeing and training the officer at Corrections Corporation of America. And violation of his 14 and 8 Amendment to the U.S. Constitution.

I hereby swear the following is true to the best of my knowledge. Hagens

31585-007 Hagens

EXHIBIT (2.)

NOTE: ON EXHIBIT 2. DEFENDANTS GAVE BACK his PERSONAL PROPERTY REIMBURSED HIM $50.00 DOLLARS. WHEN DEFENDANTS CLAIMED his PROPERTY WAS CONTRABAND AND this WAS CLEARLY AVIOLATION OF his 14 Amend. to due PROCESS, AND (4) Amend. to SEARCH AND SEIZURE. Hudson v Palmer. WHEREFORE DEFENDANTS WAS INTENTIONALLY HARRASSING PLAINTIFF HAGENS.

I hereby SWEAR the following is TRUE to the BEST OF MY Knowlege.

Keionta Hagens
31585-007

9-7-05

RECEIVED

05 1917

FILED
SEP 29 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT