**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEIONTA HAGENS, #31585-007<br>Big Sandy United States Penitentiary<br>P.O. Box 2068<br>Inez, Kentucky 41224<br>                                             Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF<br>AMERICA<br>1901 E. Street, S.E.<br>Washington, D.C. 20003<br><br>and<br><br>James Mayes<br>1901 E. Street, S.E.<br>Washington, D.C. 20003<br><br>and<br><br>Dale London<br>1901 E. Street, S.E.<br>Washington, D.C. 20003<br><br>and<br><br>District of Columbia<br>1923 Vermont Avenue, N.W.<br>Washington, D.C. 20001<br>                                             Defendants | <u>Civil Action 1:05-cv-01917 CKK</u> |

**<u>SEPARATE ANSWER OF DEFENDANT, CORRECTIONS
CORPORATION OF AMERICA TO PLAINTIFF'S COMPLAINT</u>**

Defendant, Corrections Corporation of America, through counsel, hereby responds to Plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

The allegations contained in the preliminary statement are characterizations of Plaintiff's claims to which no response is required. To the extent that a response is required, CCA denies the allegations contained therein.

**JURISDICTION**

This answering Defendant admits that this Court has jurisdiction of this matter.

**PLAINTIFF**

This answering Defendant admits that Keionta Hagens is the Plaintiff in this action. This answering Defendant denies the remainder of the allegations contained in this paragraph.

**DEFENDANT**

1. This answering Defendant admits that CCA is a private company that has contracted with the District of Columbia to house D.C. inmates.

2. This answering Defendant admits the allegations contained in this sub-paragraph.

**FACTS**

I. [sic]

This answering Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

II.

This answering Defendant denies the allegations contained in section II of

Plaintiff's Complaint.

III.

This answering Defendant denies the allegations contained in section III of Plaintiff's Complaint.

**MEMORANDUM OF LAW**

IV.

In answering the first paragraph of section IV of Plaintiff's Complaint, this answering Defendant asserts that it purports to be a statement of the law to which no response is required.  This answering Defendant denies the remaining allegations contained in paragraph IV of Plaintiff's Complaint.

V.

This answering Defendant denies all of the allegations contained in section V of Plaintiff's Complaint.

VI.

In answering the first paragraph of section VI of Plaintiff's Complaint, this answering Defendant asserts that it purports to be a statement of the law to which no response is required.   This answering Defendant denies the remaining allegations contained in section VI of Plaintiff's Complaint.

VII.

In answering the first paragraph of section VII of Plaintiff's Complaint, this

answering Defendant asserts that it purports to be a statement of the law to which no response is required. This answering Defendant denies the remaining allegations contained in section VII of Plaintiff's Complaint.

VIII.

No response is required to section VIII of Plaintiff's Complaint as it is Plaintiff's request for relief to which no response is required.

VIIII [sic]

This answering Defendant denies the allegations contained in paragraph VIIII [sic] of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

IX.

As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

X.

As a separate defense, or in the alternative, this answer Defendant alleges that Plaintiffs claims are barred by the applicable statute of limitations.

XI.

As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff has failed to exhaust administrative remedies available to him, thereby warranting dismissal of this lawsuit.

XII.

As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff did not suffer any actual injury as a result of any actions by this answering Defendant, thereby warranting dismissal of this lawsuit.

XIII.

As a separate defense, or in the alternative, this answering Defendant alleges that they were acting in good faith, thereby warranting dismissal of this lawsuit.

XIV.

As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff has failed to set forth a grave deprivation in regard to his allegation that a constitutional violation has occurred, thereby warranting dismissal of this lawsuit.

XV.

As a separate defense, or in the alternative, these Defendant alleges that Plaintiff was contributorily negligent, thereby reducing or eliminating damages owed by this answering Defendant.

XVI.

As a separate defense, or in the alternative, this answering Defendant alleges that its conduct was not negligent and did not violate the applicable standard of care.

XVII.

As a separate defense or in the alternative, this answering Defendant alleges that it

did not owe the plaintiff a duty of care under common law statute or regulations.

XVIII.

As a separate defense or in the alternative, this answering Defendant alleges that it did not breach any duty to plaintiff.

XIX.

As a separate defense or in the alternative, this answering Defendant alleges that the actions or inactions were not the proximate cause of the injuries, losses and damages.

XX.

As a separate defense or in the alternative, this answering Defendant alleges that Plaintiff's losses and damages, if any, were the result of the negligence of someone other than CCA, thereby reducing or eliminating any damages owed by CCA.

XXI.

As a separate defense or in the alternative, this answering Defendant alleges that Plaintiff's allegations arose as a result of Keionta Hagens' conduct, not the act or omissions of CCA, thereby warranting dismissal of this lawsuit.

XXII.

As a separate defense, or in the alternative, this answering Defendant alleges that CCA and its employees acted in good faith and without malice at all times and their actions were objectively reasonable under all the circumstances.

XXIII.

As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff failed to mitigate his damages, thereby reducing or eliminating any damages owed by CCA.

XXIV.

As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this claim.

XXV.

As a separate defense, or in the alternative, this answering Defendant alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff, thereby precluding punitive damages.

XXVI.

As a separate defense, or in the alternative, this answering Defendant alleges that pursuant to its contract with the District of Columbia, it is not responsible for medical treatment of inmates housed at CTF and has assumed no duty with respect to medical treatment of inmates at CTF and therefore cannot be held liable for such.

XXVII.

As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff is unable to show the requisite intent required in order to state a claim for deliberate indifference, thereby requiring dismissal of this action.

XXVIII.

Although CCA does not presently have facts in support of the following defenses, it wishes to assert the following defenses should subsequent discovery reveal these defenses are appropriate. Specifically, the following affirmative defenses set forth in Rule 8(c), Fed.R.Civ.P. and Rule 12, including but not limited to: arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, release, *res judicata*, waiver, collateral estoppel, claim preclusion and/or issue preclusion, insufficiency of process and insufficiency or service of process.

XXIX.

This answering Defendant reserves the right to amend its Answer to Plaintiff's Complaint, to assert additional defenses, or delete or withdraw defenses, and to add counterclaims as may become necessary after reasonable opportunity for discovery has occurred.

WHEREFORE, having fully answered Plaintiff's Complaint, this answering Defendant requests that it be dismissed and that it be awarded its reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

This answering Defendant demands a jury trial as to all triable issues.

Dated this 8th day of February 2006.

Respectfully submitted,

      s/Jennifer L. Holsman
Daniel P. Struck (D.C. Bar No. CO0037)
Jennifer L. Holsman (D.C. Bar No.495296
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811

Kevin L. Newsome (D.C. Bar No. 439206)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
Telephone: (703) 647-5928
Facsimile: (703) 647-5978 (direct)

Filed Electronically this 8th day of February 2006.

Copy of the foregoing mailed even date to:

Keionta Hagens, #31585-007
BIG SANDY UNITED STATES PENITENTIARY
Post Office Box 2068
Inez, Kentucky 41224
Plaintiff *Pro Se*

  s/Colleen J. Webb