UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEIONTA HAGENS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CORRECTIONS CORPORATION OF )<br>AMERICA, *et al.*, )<br>)<br>    Defendants. )<br>_____) | Case No.: 05-1917 (CKK) |

## **DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT**

Defendant District of Columbia, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure (FRCP) 12(b)(6), hereby moves that this Honorable Court dismiss the complaint against it. As grounds therefor, the District states that: (1) the District properly delegated all duties of inmate care to the Corrections Corporation of America (CCA); and (2) the complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983, and the doctrine of *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978).

A Memorandum of Points and Authorities in support of this Motion and a Proposed Order are attached hereto.

The District was unable to contact the incarcerated plaintiff to obtain his consent to this Motion.

                                            Respectfully submitted,

                                            ROBERT J. SPAGNOLETTI
                                            Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By:   _____\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4^(TH) Street, NW, 6^(th) Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 8th day of February, 2006, that a copy of the foregoing Motion to Dismiss the Complaint, along with a Memorandum of Points and Authorities in Support of said Motion, were mailed postage prepaid to:

Mr. Keionta Hagens
Fed. Register #31585-007
Big Sandy U.S.P.
POB 2068
Inez, KY 41224

\_\_\_\_\_\s\_____
Michael Bruckheim
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEIONTA HAGENS, )<br>)<br>Plaintiff, )<br>) Case No.: 05-1917 (CKK)<br>v. )<br>)<br>CORRECTIONS CORPORATION OF )<br>AMERICA, *et al*. )<br>)<br>Defendants. )<br>_____) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT

In support of its Motion to Dismiss Plaintiff's Complaint, defendant District of Columbia (the "District"), by and through undersigned counsel and pursuant to FRCP 12(b)(6), states as follows:.

*Statement of Facts*

This case arises out of an alleged incident that occurred at the Correctional Treatment Facility, which is operated and staffed by employees of co-defendant Corrections Corporation of America (CCA). Plaintiff alleges that on April 1, 2004, he was choked and physically assaulted by a CCA correctional officer. *See* Plaintiff's Complaint, p.1. Plaintiff also alleges that the District "oversees and supervises" the CCA facility. *Id.* p.9.

Plaintiff has filed this complaint, alleging constitutional violations as a result of the alleged assault that he allegedly endured by the CCA correctional officer. Dismissal against the District is appropriate as set forth below.

*Standard of Review*

The legal standard for a motion to dismiss under Rule 12(b)(6) was recently set forth in *Himmelman v. MCI Communications,* 104 F. Supp. 2d 1, 3 (D.D.C. 2000):

> A motion to dismiss for failure to state a claim upon which relief may be granted tests not whether the plaintiff will prevail on the merits, but instead whether or not he has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974); Fed. R. Civ. P. 12(b)(6). The court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); *Atchison v. D.C.*, 315 U.S. App. D.C. 318, 73 F.3d 418, 421 (D.C. Cir. 1996). In deciding such a motion, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Maljack Prods. v. Motion Picture Ass'n*, 311 U.S. App. D.C. 224, 52 F.3d 373, 375 (D.C. Cir. 1995). The court need not, however, accept as true the plaintiff's legal conclusions. *See Taylor v. F.D.I.C.,* 328 U.S. App. D.C. 52, 132 F.3d 753, 762 (D.C. Cir. 1997). Nor need the court accept unsupported assertions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. DeKalb County*, 433 U.S. 25, 27, 53 L. Ed. 2d 557, 97 S. Ct. 2490 (1977). The court may consider the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record. *See* 5A Wright & Miller, FEDERAL PRACTICE & PROCEDURE §1357 at 299 (2d ed. 1990).

*Argument*

I.  **DEFENDANT DISTRICT OF COLUMBIA IS ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE IT CANNOT BE HELD LIABLE UNDER 42 U.S.C. § 1983, BASED ON THE FACTS SET FORTH IN PLAINTIFF'S COMPLAINT.**

The District of Columbia cannot be held liable for the Corrections Corporation of America's (CCA) alleged violation of plaintiff's constitutional rights. As set forth in *Monell v. Dep't of Social Servs. of the City of New York*. 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985), the District may only be held for its own policy, practice or custom that was the moving force of plaintiff's injuries.

**A.      The District Lawfully Delegated its Duty to Transport the Plaintiff to the Corrections Corporation of America.**

The plaintiff alleges that he sustained injuries during an alleged assault by a CCA correctional officer.  *See generally,* Plaintiff's Complaint.  Plaintiff alleges that the CTF facility in which the alleged assault occurred is privately owned by the co-defendant (CCA).  *Id.*, p.9.  Pursuant to statute and common law, the D.C. Department of Corrections has responsibility for "the safekeeping, care, protection…and discipline" of its inmate population.  *See* D.C. Official Code Sec 24-442 (1996); *Hughes v. District of Columbia*, 425 A.2d 1299, 1302 (D.C. 1981).  However, according to the D.C. Court of Appeals, the Department of Corrections can delegate these statutory and common law duties to an independent contractor.  *Herbert v. District of Columbia*, 716 A.2d 196, 199 (D.C. 1997).

In *Herbert*, the court noted that employees of the contractor were not agents of the District of Columbia because they were not subject to the District's supervision.[1]  *Id.* at 199.  Additionally, the *Herbert* court held that contract employees cannot be deemed agents of the District "simply because they are performing tasks that otherwise would be performed by salaried employees of the government." *Id.*

Here, the responsibility for the plaintiff's transfer was delegated to the CCA pursuant to a contractual agreement.  A defendant in a suit brought under § 1983 acts under color of state law to violate a constitutional right when he abuses the position given him by the State.  *West v. Akins*, 487 U.S. 42, 49-50 (1988).  Because CCA is not an agent of the District of Columbia, this municipality cannot be held constitutionally liable for CCA's alleged constitutional misconduct.  Plaintiff has failed to plead any facts to support how the District caused his alleged

---

[1] The contract employees in *Herbert* worked in the infirmary of the District of Columbia Jail, while the employees in this case worked in an Ohio state facility in which District inmates were confined.

mistreatment.[2]  *See* Complaint, generally.  Accordingly, the District is entitled to dismissal as a matter of law.

**B.      Plaintiff's § 1983 Claims are Barred Because Plaintiff's Injury Did Not Arise out of an Unconstitutional Policy or Custom.**

The complaint alleges that the District violated the plaintiff's Eighth Amendment rights under the U.S. Constitution, which is actionable pursuant to 42 U.S.C. § 1983.  However, as explained in *Monell,* 436 U.S. at 694, the District cannot be held liable for the plaintiff's constitutional claims as they are alleged in the complaint.  According to the Supreme Court decision in *Monell*:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

The Supreme Court further held in *Oklahoma City,* 471 U.S. at 824, that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged."  The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault*."  *Id.* at 818 (emphasis added).  Although there is no heightened pleading requirement, a § 1983 complaint must allege that an established municipal policy or custom caused the constitutional violation at issue.  *Dorman v. District of Columbia*, 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987).  A complaint that does not allege such a policy or

---

[2] Persuasive authority on this issue may be found in this Court's ruling in *Nathan Cook v. District of Columbia, et al.*, Civil Action No. 99-2163, the honorable Thomas Penfield Jackson granted the District of Columbia's unopposed motion to dismiss "[b]ecause the actions and inactions alleged in the complaint are those of personnel located at the Sussex II State Prison in Virginia and the Commonwealth of Virginia has undertaken to respond to the complaint on behalf of those Defendants."  (*See Nathan Cook v. District of Columbia, et al.*, Civil Action No. 99-2163, Order of September 28, 2000, Docket Entry No. 26).  In this instance, the alleged actions and inactions are those of personnel of CCA, specifically those who were stationed at the CTF.

custom fails to allege a necessary element of liability under § 1983, and that claim must be dismissed. *Dant*, 829 F.2d at 76.

In *Dant*, the plaintiff was unlawfully detained by the District of Columbia police for several hours. *Id.* at 71. In his complaint against the District, the plaintiff alleged that the District, by its "malicious prosecution and abuse of lawfully issued process," had "violated plaintiff's rights under the Fifth and Fourteenth Amendments … and 42 U.S.C. § 1983." *Id.* at 77. The court held that the plaintiff's complaint was insufficient to support a claim against the District, writing:

> The complaint nowhere alleges, however, that Dant was subject to malicious prosecution and abuse of process *pursuant to an established WMATA policy or practice*. The complaint thus fails to allege a necessary element of a section 1983 violation, namely, that there be a deprivation of rights "under color of any statute, ordinance, regulation, custom, or usage of any State." *Id., Monell*, 346 U.S. at 691, emphasis added.

In this case, the plaintiff's Complaint is similarly lacking. Plaintiff does not allege that there was a custom or policy of abusing prisoners who were incarcerated at the CCA's CTF facility, and that the District knew this, but was deliberately indifferent to his constitutional rights. The plaintiff is required to provide factual allegations to support his legal conclusion. *See Miller v. Barry*, 698 F.2d 1259 (1983) (holding that a plaintiff's failure to allege a factual basis that the alleged constitutional harm was caused by a custom or policy resulted in summary judgment for the defendant). A plaintiff cannot survive a motion to dismiss with a mere recitation of the legal standard; he must set forth factual allegations or his claim must be dismissed.

Finally, plaintiff does not allege that any District of Columbia agent carried out an unconstitutional custom or policy that caused his injuries. *See* Complaint, generally. Other than

his conclusory allegations that the District is liable for his injuries, plaintiff has not pleaded any allegations that the District was involved in any way with the alleged assault that is the subject of this complaint. Therefore, plaintiff's Complaint is insufficient on its face and should be dismissed with prejudice.

WHEREFORE, for the reasons stated herein, defendant District of Columbia, by and through undersigned counsel and pursuant to F.R.C.P. 12(b)(6), herein moves that this Honorable Court dismiss the Complaint against it with prejudice.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649;202-727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEIONTA HAGENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 05-1917 (CKK) |
| v. ) | |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, *et al*. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **ORDER**

Upon consideration of defendant District of Columbia's Motion to Dismiss the Complaint, the Memorandum in Support thereof, the facts and law considered, and plaintiff's opposition, if any, it is hereby:

ORDERED that the Motion to Dismiss is GRANTED for the reasons set forth in its motion; and it is further,

ORDERED that the Complaint against defendant District of Columbia is DISMISSED WITH PREJUDICE.

So ORDERED this _____ day of _____, 200_.

_____
The Honorable Judge Kollar-Kotelly
United States District Court for the District of Columbia

Copies to:

Mr. Keionta Hagens
Fed. Register #31585-007
Big Sandy U.S.P.
POB 2068
Inez, KY 41224