IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEIONTA HAGENS, #31585-007<br><br>                    Plaintiff,<br>v.<br><br>CORRECTIONS CORPORATION OF<br>AMERICA, et al.<br><br><br>                    Defendants. | Civil Action 1:05-cv-01917 (CKK) |

**DEFENDANT, CORRECTIONS CORPORATION OF AMERICA'S,
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

  Defendant, Corrections Corporation of America ("CCA"), through counsel, files this Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b) because Plaintiff has failed to allege, and cannot allege, that he has exhausted the administrative remedies available to him pursuant to 42 U.S.C. § 1997(e).  Alternatively and additionally, CCA moves for summary judgment on the basis that the undisputed facts establish that Plaintiff has not exhausted his administrative remedies.  This motion is supported by the following Statement of Points and Authorities and the pleadings on file with the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. FACTUAL BACKGROUND**

  Plaintiff filed a Complaint on September 29, 2005, in which he alleged that he was assaulted by a CCA employee on April 1, 2004 while detained at the Correctional Treatment Facility ("CTF").

  In Section II of Plaintiff's Complaint, he expressed his knowledge of the facility grievance policy.  Plaintiff asserts that he attached copies of the alleged written grievances he filed regarding this incident.  Plaintiff's Complaint, however, does not attach any documents prepared

1

or submitted to the grievance coordinator at CTF. As confirmed by Joyce Allen, Facility Grievance Officer at the CTF, Plaintiff did not exhaust his administrative remedies through the CTF's grievance policies and procedures. *See* Affidavit of Joyce Allen ("Allen Aff.") (a copy of which is appended hereto as Exhibit 1).

Because Plaintiff failed to comply with the CTF grievance policy, he has failed to exhaust the administrative remedies available to him as required under the Prison Litigation Reform Act ("PLRA"). Accordingly, Plaintiff's Complaint must be dismissed.

## II.     LEGAL ARGUMENT

### A.     Plaintiff Has Failed to Exhaust the Administrative Remedies Available to Him As Required by 42 U.S.C. § 1997(e).

The PLRA requires inmates to exhaust administrative remedies before bringing a lawsuit. Under 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under § 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement promotes important interests: "(1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact."[1] The United States Supreme Court recently clarified that even inmates seeking only monetary relief must complete a prison administrative process that could provide some sort of relief, even if not monetary, before filing a § 1983 claim.[2] In *Booth,* the court found that the inmate did not exhaust all available administrative remedies and dismissed his claims.

---

[1] *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991).

[2] *Booth v. Churner,* 532 U.S. 731 (2001).

As outlined, an inmate is required to exhaust all administrative remedies before filing civil litigation.[3] The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[4] In addition, a prisoner must exhaust all of his administrative remedies, not just some.[5]

**B.     Plaintiff's Complaint Fails to Allege that Plaintiff Exhausted His Administrative Remedies and Must Be Dismissed.**

The failure to exhaust administrative remedies raises a "jurisdictional challenge" under the PLRA. In this regard, this Court recently held:

> Defendant further posits that even if the regulation had been implemented against plaintiff, [the inmate] has not exhausted his administrative remedies, as he is required to do, prior to initiating this lawsuit. Because these challenges, *like any jurisdictional challenge,* "imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F. Supp.2d 9, 13 (D.D.C. 2001), the "plaintiffs' factual allegations in the complaint...will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Id*. at 13-14 (citations omitted).

*Al-Owhali v. Ashcroft,* 279 F. Supp. 2d 13, 21 (D.D.C. 2003) (emphasis added).

---

[3] *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Barnard v. District of Columbia,* 223 F. Supp. 2d 211, 212-13 (D.D.C. 2002) ("[A] prisoner may file a civil action relating to conditions of confinement under federal law only after he has exhausted the prison's administrative remedies.")

[4] The purpose of the grievance procedures is to give prison officials an opportunity to resolve the problem, thus relieving the courts of unnecessary litigation, and creating a factual record to facilitate any eventual judicial action." *Jeanes v. United States Dep't of Justice*, 231 F. Supp. 2d 48, 50-51 (D.D.C. 2002) (internal citations omitted).

[5] *See, e.g. Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (dismissing § 1983 claim because the inmate did not appeal the denial of the grievance, thus failing to give the state a full chance to hear the grievance); *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997) (finding inmate failed to exhaust when the inmate filed a grievance but "did not appeal the denial of that complaint to the highest possible administrative level"); *Saunders v. Goord,* No. 98 Civ. 8501 (JGK), 2002 WL 1751341, at *3 (S.D.N.Y. 2002) ("Even if the plaintiff did not receive responses directed toward some grievances, the plaintiff was required, at minimum, to make reasonable attempts to appeal those grievances before bringing an action in federal court.")

The *Al-Owhali* decision is consistent with the D.C. Circuit's jurisprudence, which treats the failure to allege exhaustion as a pleading defect.[6] This Circuit's treatment of the exhaustion issue comports with the PLRA's unequivocal language, which states that "[n]o action shall be *brought*...until such administrative remedies as are available are exhausted."[7] Because the PLRA's exhaustion requirement is jurisdictional, a Defendant may raise this issue at any point or the Court may consider it *sua sponte*. Other circuits concur with this analysis.[8]

There are other courts that take a different approach, by dismissing a case on the pleadings pursuant to an "unenumerated 12(b) motion."[9] Although courts adopting an "unenumerated 12(b) motion" approach do not view the PLRA's exhaustion requirement as

---

[6] *Eldridge v. District of Columbia*, No. 02-7059, 2002 WL 31898173, at *1 (D.C. Cir. Dec. 23, 2002) (citations omitted) ("Appellant has neither alleged nor shown that he exhausted the administrative remedies available under the District of Columbia's Inmate Grievance Procedure before bringing this action. Thus, the district court correctly dismissed without prejudice his federal claims."), *cert. denied*, 539 U.S. 913 (2003); *Johnson v. District of Columbia Dep't of Corr. Transp. Unit*, No. 01-7204, 2002 WL 1349532, *1 (D.C. Cir. June 20, 2002) ("The district court properly dismissed the case without prejudice for failure to exhaust administrative remedies because the complaint stated appellant had not filed an inmate grievance.").

[7] 42 U.S.C. § 1997(e) (emphasis added).

[8] *See, e.g., Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003) ("The next question concerns the procedural characterization of exhaustion: is it an essential allegation of a prisoner's claim or is it a defendant's affirmative defense? ... [W]e believe that a prisoner must plead exhaustion in his complaint.") ; *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) ("[A] prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.") *Brown v. Toombs*, 139 F.3d 1102, 1004 (6th Cir. 1998) ("District courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant"); *Brock v. Ortiz*, No. 04-1172, 2004 U.S. App. LEXIS 18315, at *6 (10th Cir. 2004) ("Even reading Mr. Brock's complaint liberally, it is clear that Mr. Brock has not exhausted available administrative remedies. Mr. Brock has the burden of showing he has indeed exhausted administrative remedies. To satisfy this burden, Mr. Brock must attach copies of the administrative proceedings or describe their disposition specifically in his amended complaint.") (internal citations and footnote omitted).

[9] *See, e.g., Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) ("[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment."); *Janis v. Ashcroft*. No. 02-55894, 2004 U.S. App. LEXIS 6561, at *6 (9th Cir. 2004) ("The appropriate procedure for raising the failure to exhaust defense under 42 U.S.C. § 1997e(a), therefore is by a Rule 12(b) motion to dismiss.") (citation omitted).

jurisdictional, they still recognize that the "statute gives prisons and their officials a valuable entitlement – the right *not* to face a decision on the merits – which courts must respect if a defendant chooses to invoke it."[10] For this reason, even if exhaustion were not jurisdictional, it is appropriate to resolve the issue at this stage.[11]

Here, Plaintiff failed to provide the Court with any allegation or evidence that he complied with the PLRA exhaustion requirements, and indeed Plaintiff admits to not complying with the grievance policy while detained at CTF in Section II of his Complaint. Thus, there is a pleading defect that mandates dismissal of Plaintiff's Complaint. Accordingly, Defendant Corrections Corporation of America, respectfully requests their Motion to Dismiss be granted.

**C.    Plaintiff Failed to Exhaust His Administrative Remedies.**

In this case, Plaintiff acknowledged that a CTF policy regarding grievances existed. The grievance procedure states that in order for an inmate to exhaust his administrative remedies, he must follow the facility grievance procedures and carry the grievance through to its finish. *See* Allen Aff. ¶ 6. Prior to pursuing the formal grievance process, inmates and detainees must first avail themselves to the Informal Resolution Process by submitting an Inmate Request Slip or speaking with any staff member concerning the issue prior to submitting a grievance. *Id.* If the complainant is dissatisfied with that the result, only then may the formal process be initiated. *Id.*

---

[10] *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) (emphasis in original).

[11] Even the minority of courts that generally *do not* permit defendants to raise exhaustion before summary judgment still permit defendants to raise the matter on a motion to dismiss when, as here, the complaint and attachments indicate that the plaintiff did not exhaust. *See, e.g., Brown v. Croak*, 312 F.3d 109, 111 n.1 (3d Cir. 2002) (rejecting argument that it would "always be improper to dismiss for failure to exhaust remedies at the pleadings stage."); *Ray v. Kertes*, 285 F.3d 287, 295 n.8 (3d Cir. 2002) ("We do not suggest that defendants may not raise failure to exhaust as the basis for a motion to dismiss in appropriate cases."); *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted if the failure to exhaust is clear from the face of the complaint and incorporated documents).

At CTF, the formal grievance process contains four steps:

 a. Inmates must initially send grievances, on the Inmate/Resident Grievance Form (Form 14-5A), to the Grievance Officer (Step One).

 b. If the inmate finds the response unsatisfactory, he may appeal to the Warden (Step Two).

 c. If the inmate is unsatisfied with the Warden's response, he may appeal to the District of Columbia Department of Corrections' Contract Monitor (Step Three).

 d. The inmate may then appeal the Contract Monitor's determination directly to the depart Director of the District of Columbia Department of Corrections (Step Four).  Allen Aff. ¶ 6.

If an inmate fails to follow this procedure or omits any part of it, he has not exhausted the administrative remedies available.  *Id.*  If an inmate or detainee fails to cooperate with the investigation process, he has failed to carry the grievance through to its finish and thus has failed to exhaust the administrative remedies available.  *Id.*

In this case, the undisputed facts establish that Plaintiff never submitted an Inmate/Resident Grievance Form regarding the claims he now asserts in this civil suit.  *See* Allen Aff. ¶ 7.  Accordingly, Plaintiff has failed to exhaust the administrative remedies available to him, and this violation of the PLRA mandates dismissal of Plaintiff's Complaint.

### III. CONCLUSION

Because Plaintiff failed to exhaust the administrative remedies available to him as required under the PLRA, Defendant respectfully requests its Motion to Dismiss or, in the Alternative, for Summary Judgment be granted.

CORRECTIONS CORPORATION OF AMERICA<br>By Counsel

    /s/ Rebecca E. Kuehn
Kevin L. Newsome (D.C. Bar No. 439206)
Rebecca E. Kuehn (D.C. Bar No. 447481)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

Daniel P. Struck (D.C. Bar No. CO0037)
Jennifer L. Holsman (D.C. Bar No. 495296)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811(direct)

Counsel for Defendants, *Corrections Corporation of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEIONTA HAGENS, #31585-007 <br><br>                    Plaintiff, <br><br> v. <br><br> CORRECTIONS CORPORATION OF <br> AMERICA, et al. <br><br><br>                    Defendants. | <br><br><br><br><br><br> Civil Action 1:05-cv-01917 (CKK) |

### STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.      The grievance procedure at the Correctional Treatment Facility ("CTF") states that in order for an inmate to exhaust his administrative remedies, he must follow the facility grievance procedures and carry the grievance through to its finish.  Affidavit of Joyce Allen ("Allen Aff."), ¶ 6 (Ms. Allen's Affidavit is appended hereto as Exhibit 1).  Prior to pursuing the formal grievance process, inmates and detainees must first avail themselves to the Informal Resolution Process by submitting an Inmate Request Slip or speaking with any staff member concerning the issue prior to submitting a grievance.  *Id.*  If the complainant is dissatisfied with that the result, only then may the formal process be initiated.  *Id.*

2.      At CTF, the formal grievance process contains four steps:

    a.      Inmates must initially send grievances, on the Inmate/Resident Grievance Form (Form 14 5A), to the Grievance Officer (Step One).

    b.      If the inmate finds the response unsatisfactory, he may appeal to the Warden (Step Two).

    c.      If the inmate is unsatisfied with the Warden's response, he may appeal to the District of Columbia Department of Corrections' Contract Monitor (Step Three).

      d.      The inmate may then appeal the Contract Monitor's determination directly to the depart Director of the District of Columbia Department of Corrections (Step Four). Allen Aff. ¶ 6.

    3.    If an inmate fails to follow this procedure or omits any part of it, he has not exhausted the administrative remedies available. If an inmate or detainee fails to cooperate with the investigation process, he has failed to carry the grievance through to its finish and thus has failed to exhaust the administrative remedies available. *Id.*

    4.    In this case, Plaintiff did not file any grievances regarding the claims he now asserts in this civil suit. *See* Allen Aff. ¶ 7 (affirming that, upon a review of the grievance files and logs, the records indicate that Keionta Hagens never submitted an Inmate/Resident Grievance Form to appeal the incidents in question of April 1, 2004).

                                                CORRECTIONS CORPORATION OF AMERICA
                                                By Counsel

    /s/ Rebecca E. Kuehn
Kevin L. Newsome (D.C. Bar No. 439206)
Rebecca E. Kuehn (D.C. Bar No. 447481)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile:  (703) 684-8075

Daniel P. Struck (D.C. Bar No. CO0037)
Jennifer L. Holsman (D.C. Bar No. 495296)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile:  (602) 200-7811(direct)

Counsel for Defendants, *Corrections Corporation of America*

1595257_1                      9

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2006, a true and accurate copy of the foregoing Motion to Dismiss or, in the Alternative, for Summary Judgment, was mailed, to:

Keionta Hagens, #31585-007
Big Sandy United States Penitentiary
P.O. Box 2068
Inez, Kentucky 41224
Plaintiff, pro se


/s/ Rebecca E. Kuehn
Rebecca E. Kuehn