## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEIONTA HAGENS, #31585-007 )<br>Big Sandy United States Penitentiary )<br>P. O. Box 2068 )<br>Inez, Kentucky 41224 )<br>)<br>Plaintiff, )<br>)<br>v.    )<br>)<br>CORRECTIONS CORPORATION OF AMERICA )<br>1901 E Street, S.E. )<br>Washington, DC 20003 )<br>)<br>and )<br>)<br>James Mayes )<br>1901 E Street, S.E. )<br>Washington, DC 20003 )<br>)<br>and )<br>)<br>Dale London )<br>1901 E Street, S.E. )<br>Washington, DC 20003 )<br>)<br>and )<br>)<br>District of Columbia )<br>1923 Vermont Avenue, N.W. )<br>Washington, DC 20001 )<br>) | Civil Action 1:05-cv-01917 (CKK) |

### AFFIDAVIT OF JOYCE ALLEN

I, JOYCE ALLEN, being duly sworn according to law, upon my oath, depose and say:



1. I have been employed by Corrections Corporation of American (hereinafter "CCA") since October 2000. I currently am the Facility Grievance Officer at the Correctional Treatment Facility ("CTF") operated by Corrections Corporation of America in Washington, D.C.

2. I have reviewed the documents attached to the Complaint, have personal knowledge of the matters contained herein, or have reason to believe that the matters stated herein are true and accurate, and make this affidavit in support of Defendant, Corrections Corporation of America's Motion to Dismiss.

3. As a Facility Grievance Officer, I am familiar with the CCA grievance policies and procedures regarding the available administrative remedies for inmates and detainees. My responsibilities include overall coordination of the grievance procedure at CTF, assigning a number to each grievance, coordinating the investigation of grievances, completing the Grievance Officer's Report utilizing Form 14-5A, and maintaining all grievance records and documents. I am also fully familiar with CTF policy regarding disciplinary hearing procedures.

4. The inmate grievance procedure contained in CCA Policy 14-5 (attached hereto as Attachment A) was in effect at the time of Keionta Hagens' incarceration at CTF.

5. CCA/CTF provides all inmates with an Inmate Handbook, which contains a summary of the facility grievance policies and procedures, upon their arrival to the facility. Additionally, inmates have access to the complete grievance policy at the CTF Law Library or through facility staff.

6. In order for an inmate or detainee to exhaust his administrative remedies, he must follow the facility grievance procedures and carry the grievance through to its finish. Prior to pursuing the formal grievance process, inmates and detainees must first avail themselves to the Informal Resolution Process by submitting an Inmate Request Slip or speaking with any staff member concerning the issue prior to submitting a grievance. If the complainant is dissatisfied with that the result, only then may the formal process be initiated. At CTF, the formal grievance process contains four steps:

   a. Inmates must initially send grievances, on the Inmate/Resident Grievance Form (Form 14-5A), to the Grievance Officer (Step One).
   b. If the inmate finds the response unsatisfactory, he may appeal to the Warden (Step Two).
   c. If the inmate is unsatisfied with the Warden's response, he may appeal to the District of Columbia Department of Corrections' Contract Monitor (Step Three).
   d. The inmate may then appeal the Contract Monitor's determination directly to the depart Director of the District of Columbia Department of Corrections (Step Four).

If an inmate fails to follow this procedure or omits any part of it, he has not exhausted the administrative remedies available. If an inmate or detainee fails to cooperate with the investigation process, he has failed to carry the grievance through to its finish and thus has failed to exhaust the administrative remedies available.

7. Upon review of the grievance files and logs, the records indicate that Keionta Hagens never submitted an Inmate/Resident Grievance Form (Form 14-5A) to appeal the incidents in question of April 1, 2004. Pursuant to the grievance policies and procedures, the grievance is considered settled if an inmate or detainee does not choose to appeal the informal resolution.

8. On or before May 17, 2004, Keionta Hagens submitted an unsigned, undated grievance regarding the rationale for his detention in administrative segregation. Although the alleged incident in question was referenced in, but did not form the basis for, his greivance, Mr. Hagens specifically indicated that he did not wish to pursue any further action on the grievance. (Keionta Hagen's statement to that effect is attached hereto as Attachment B.)

9. I hereby attest that inmate Keionta Hagens failed to exhaust all administrative remedies available to him.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Joyce Allen

WASHINGTON        )
                  ) ss.
DISTRICT OF COLUMBIA )

SWORN AND SUBSCRIBED before me this 10th day of March, 2006, by Joyce Allen.

_____
Notary Public

My Commission Expires:

Phoenix C. Ishmon
Notary Public, District of Columbia
My Commission Expires 07-31-2006



-4-

| | |
|---|---|
| **CHAPTER 14:** | **INMATE/RESIDENT RIGHTS** |
| **SUBJECT:** | **INMATE/RESIDENT GRIEVANCE PROCEDURES** |
| **SUPERSEDES:** | **JULY 15, 2000** |
| **EFFECTIVE DATE:** | **DECEMBER 1, 2002** |
| **FACILITY:** | **CORRECTIONAL TREATMENT FACILITY** |
| **FACILITY SUPERSEDES:** | **AUGUST 14, 2001** |
| **FACILITY EFFECTIVE DATE:** | **MARCH 6, 2003** |

**APPROVED:** <u>SIGNATURE ON FILE AT CORPORATE OFFICE</u>
**JIMMY TURNER**
**VICE PRESIDENT, OPERATIONS**

**APPROVED:** <u>SIGNATURE ON FILE AT CORPORATE OFFICE</u>
**G. A. PURYEAR**
**EXECUTIVE VICE PRESIDENT/ GENERAL COUNSEL**

**14-5.1  PURPOSE:**

To establish procedures for inmates/residents to formally file complaints about facility conditions, treatment, policies, and procedures. To provide that such complaints are reviewed in a fair and expeditious manner and resolved in the best interest of both the inmate/resident and the facility.

**14-5.2  AUTHORITY:**

Corporate and Facility Policy and Contract.

**14-5.3  DEFINITIONS:**

A.  <u>Emergency Grievance</u> - A grievance, the resolution of which, if subject to the normal time limits, would subject the grievant to a substantial risk of personal injury or irreparable harm.

B.  <u>Facility Grievance Officer</u> – Facility staff member responsible for tracking, coordinating grievance investigations and answering grievances.

C.  <u>Grievance</u> - A written complaint concerning the substance or application of a written or unwritten policy or practice, any single behavior or action toward an inmate/resident by staff or other inmates, or any condition or incident within the department or institution which personally affects the inmate/resident.

D.  <u>Grievant</u> - The inmate/resident who filed the formal complaint

E.  <u>Informal Resolution</u> - An attempt to address concerns through discussion with appropriate staff.

F.  <u>Inmate/Resident</u> - Any adult or juvenile, male or female housed in a CCA facility. Inmates/residents may also be referred to as detainees, prisoners or offenders depending on classification and in accordance with facility management contracts.

G.  <u>Reasonable Suspicion</u> - A suspicion which is based upon documentable, articulable facts which, together with the employee's knowledge and experience, lead him/her to believe that an unauthorized situation or violation of rules exists.

H.  <u>Reprisal</u> - Any action or threat of action against anyone for the good faith use of or good faith participation in the grievance procedure.



Proprietary Information - Not for Distribution - Copyrighted
Property of Correction Corporation of America

**14-5.4 POLICY:**

Whenever possible, inmate/resident complaints and grievances should be resolved on an informal basis without the filing of a formal grievance. Many matters can and should be resolved directly and promptly between the inmate/resident and institutional staff without the necessity of filing a formal grievance. It is extremely important that institutional counseling staff take an active role in resolving as many complaints as possible prior to the filing of a grievance.

However, all inmates/residents will have access to formal grievance procedures any time the informal process has not provided successful resolution of the complaint.

Inmates/residents shall not be subject to retaliation, reprisal, harassment, or discipline for use or participation in the grievance procedure. Any allegations of this nature will be thoroughly investigated by the Warden/Administrator and reviewed by the appropriate Senior Divisional Director. The Senior Divisional Director will notify the Vice President, Operations of any allegations that are found to be credible.

**14-5.5 PROCEDURES:**

    A.    **INFORMAL RESOLUTIONS**

All facilities will have an informal resolution process in place. Inmates/residents are required to utilize the informal resolution process concerning questions, disputes or complaints prior to the submission of a formal grievance. If an inmate/resident does not receive resolution in the informal process, he/she may file a grievance and must document on the grievance that informal resolution was attempted.

**AT THIS FACILITY, THE INFORMAL RESOLUTION PROCESS IS AS FOLLOWS:**

<u>**The Inmate will fill out an Inmate Request Slip or speak with any Staff member concerning an issue that they may have, prior to submitting a grievance.**</u>

    B.    **GRIEVABLE MATTERS**

The following matters are grievable through this grievance procedure by inmates/residents:

1. Application of policies, rules, and procedures towards inmates/residents over which CCA has control;
2. Individual staff and inmate/resident actions, including any denial of access of the grievance procedure;
3. Reprisals against inmates/residents for utilizing the Inmate/Resident Grievance Procedures;
4. The loss of property legitimately possessed by an inmate/resident only after the procedures outlined in CCA Corporate and Facility Policy 14-6 have been completed; and
5. Any other matter relating to the conditions of care and supervision within the authority of CCA, except as noted below.

    C.    **NON-GRIEVABLE MATTERS**

The following matters are <u>not</u> grievable by inmates/residents through these grievance procedures:

1. State and Federal court decisions;
2. State and Federal laws and regulations;
3. Final decisions on grievances;

**Proprietary Information - Not for Distribution - Copyrighted**
**Property of Correction Corporation of America**

    4. Contracting agency (BOP, INS, state department of corrections, etc.) policies, procedures, decisions or matters (i.e., institutional transfers, parole and probation decisions, etc.); or

    5. Disciplinary hearings or appeals (Disciplinary actions must follow the procedure outlined in CCA Corporate and Facility Policy 15-2).

D.   GRIEVANCE AVAILABLE REGARDLESS OF CLASSIFICATION

Any inmate/resident confined to a CCA managed facility can invoke the grievance procedure regardless of disciplinary, classification, or other administrative decision to which the inmate/resident may be subject.

E.   NO GRIEVANCES TO BE SUBMITTED ON BEHALF OF ANOTHER

An inmate/resident may not submit a grievance on behalf of another inmate/resident; however, assistance from a staff member or inmate/resident may be provided when necessary to communicate the problem on the grievance form.

F.   MULTIPLE GRIEVANCES

    1. Inmates/residents will be limited to two (2) pending non-emergency grievances at any given time.

**At this facility additional procedures are as follows:**

**<u>Non emergency grievances addressing different concerns may be submitted by an inmate with no limitation. If more than two (2) grievances are submitted addressing the same concern then only one of those grievances will be answered.</u>**

    2. If an inmate/resident files a grievance when he/she has two(2) other active grievances pending, it will be logged and held by the Facility Grievance Officer until one of the previously submitted grievances has been completed.

    3. Grievances will be handled in the order they are received.

    4. The time guidelines below do not apply to those grievances held in suspended status.

    5. A grievance which is alleged by an inmate/resident to be an emergency will be reviewed by the Facility Grievance Officer. If the Facility Grievance Officer determines that the grievance is not an emergency, it will be treated as an ordinary grievance and will count against this limit of two (2) pending grievances.

G.   TIME GUIDELINES

    1. The total time for the grievance process will be no more than ninety (90) days from filing to a final appeal decision, unless unusual circumstances are present.

        a. The inmate/resident must file the grievance within seven (7) days of the alleged incident.

          The time for filing begins from the date the problem or incident became known to the inmate/resident.

        b. The Facility Grievance Officer will, within fifteen (15) days of receipt of an inmate/resident grievance, conduct an investigation of the grievance and render a decision.

        c. The inmate/resident is to submit any appeal to the Warden/Administrator or designee within five (5) days of receiving the decision from the Grievance Officer.

        d. The Warden/Administrator will render a written decision on the grievance appeal within fifteen (15) days of receipt from the inmate/resident.

e. **AT THIS FACILITY, ADDITIONAL PROCEDURES ARE:**

<u>Grievances for Sexual Misconduct will follow the procedures contained in policy 14-100.</u>

2. Upon notice to the grievant, the time limitations may be extended to allow for a more complete investigation of the claims. Justification for the extension must be provided to the grievant on Form 14-6B, Grievance Extension Notice.

3. At all stages of the grievance process, upon receipt of the grievance, the grievance will be date stamped.

H. EMERGENCY GRIEVANCE PROCEDURE

1. If the subject matter of the grievance is such that compliance with the regular time guidelines would subject the grievant to risk of personal injury, the grievant may ask that the grievance be considered an emergency and detail the basis for a need of immediate response.

2. If the Facility Grievance Officer, after reviewing the basis for the grievance being designated an emergency, determines that an emergency does exist, action shall be taken to resolve the grievance within twenty-four (24) hours of receipt of the grievance.

3. After the initial action, and within seventy-two (72) hours of receipt of the grievance, the Facility Grievance Officer will prepare and give a written decision to the grievant.

4. If the grievant appeals the decision, the Warden/Administrator or designee will respond with a written decision within five (5) days.

I. FILING THE GRIEVANCE

1. In filing a grievance, the inmate/resident must complete the Inmate/Resident Grievance Form (Form 14-5A) and place it in the Grievance Mail Box, or, if a Grievance Mail Box is not used, forward it to the Facility Grievance Officer.

The Facility Grievance Officer will check the Grievance Mail Boxes daily, <u>except for weekends and holidays</u>. If a mailbox is not used, grievances are to be forwarded daily to the Facility Grievance Officer.

**AT THIS FACILITY, THE PROCEDURE FOR FORWARDING THE GRIEVANCE TO THE GRIEVANCE OFFICER IS AS FOLLOWS:**

1. <u>Emergency grievances and grievances filed by inmates in segregation may be given to any staff member in the grade of Assistant Shift Supervisor or above. The receiving staff will provide a receipt for the grievance.</u>

2. <u>The inmate grievance form is a three part form, the last page of the form is the inmates copy to verify that the inmate submitted a grievance.</u>

2. Grievances are considered special correspondence. If a sealed envelope is labeled "Grievance" and addressed to the Facility Grievance Officer, it will not be opened for inspection unless there is reasonable suspicion to believe the sealed envelope contains contraband. If reasonable suspicion exists and the Warden/Administrator or designee's approval is obtained, the envelope may be opened and inspected only for contraband.

3. If a grievance is submitted for review and the grievant is released from custody, efforts to resolve the grievance will normally continue. It is the grievant's responsibility to notify the Facility Grievance Officer of the pending release and to provide a forwarding address and any other pertinent information.

**Proprietary Information - Not for Distribution - Copyrighted
Property of Correction Corporation of America**

   <u>4.</u> **AT THIS FACILITY, PROCEDURES FOR FILING A GRIEVANCE AGAINST THE CONTRACTING AGENCY ARE AS FOLLOWS:**

    <u>NONE</u>

J. FACILITY GRIEVANCE OFFICER

The Warden/Administrator is to designate an individual or individuals as Facility Grievance Officer(s) whose responsibilities will include the following:

1. overall coordination of the grievance procedure,
2. see that informal resolution has been attempted,
3. assign a number to the grievance and maintain a permanent grievance log,
4. coordinate the timely investigation of grievances,
5. prepare written decisions on grievance matters utilizing Form 14-5A
6. ensure that when a grievance decision specifies that an action is to be taken, that a date is included for completing the action,
7. provide a copy of the completed Form 14-5A to the grievant and have him/her sign it upon receipt,
8. follow-up that all remedies/ required actions are fulfilled by the imposed deadline, and
9. maintain all grievance records and documents as outlined in 14-5.5.M.

K. GRIEVANCE REMEDIES

The grievance procedure is to afford the grievant a meaningful remedy. Remedies shall cover a broad range of reasonable and effective resolutions. Remedies include the following:

1. Replacement - Restoration of property by substituting a similar or like item. This will normally be ordered before monetary reimbursement is given. Replacement as a grievance remedy will only occur after the procedures of CCA Corporate and Facility Policy 14-6 have been followed.
2. Reimbursement - Money will be given for items lost or destroyed. The value to be reimbursed will be determined by the Warden/Administrator. Reimbursement as a grievance remedy will only occur after the procedures of CCA Corporate and Facility Policy 14-6 have been followed.
3. Change of procedures or practices appropriately related to the complaint or conditions;
4. Correction of records; or
5. Other remedies, as appropriate

L. APPEAL

1. If a grievant is not satisfied with the decision of the Facility Grievance Officer, the grievant may appeal to the Warden/Administrator or designee by completing the Request for Warden/Administrator Review portion of the grievance form and submitting this form to the Warden/Administrator. The Warden/Administrator or designee's decision is final unless otherwise specified in the facility management contract.

  **AT THIS FACILITY, ADDITIONAL APPEAL PROCEDURES ARE AS FOLLOWS:**

  <u>i.</u> <u>**If the inmate is not satisfied with the Warden's response, the inmate may appeal to the Contract Monitor within five (5) days of receipt of the Warden's decision.**</u>

    ii. **If the inmate is not satisfied with the Contract Monitor's response, the inmate may appeal to the Director DC Department of Corrections within five (5) days of receipt of the Contract Monitor's decision.**

    iii. **All appeals must have the original grievance and response attached when filed.**

    iv. **The Grievance Officer will log all appeals and forward the appeal, along with any supporting documentation, to the appropriate level of appeal office in accordance with Department Order 4030.1D.**

  2. The Warden/Administrator or designee will review the issue of the grievance and the decision to determine if the grievance has been appropriately addressed. The Warden/Administrator can obtain and review any information necessary to render a decision as to the appeal.

  3. A copy of the completed grievance form will be returned to the Facility Grievance Officer who will forward a copy to the inmate/resident.

  4. Barring extraordinary circumstances, a grievance will be considered settled if the decision at any step is not appealed by the inmate/resident within the given time limit.

  5. Grievances which are prematurely appealed to the Warden/Administrator or designee will be returned without review.

M. RECORDS

  1. Records regarding the filing and disposition of grievances shall be collected and maintained systematically by the Facility Grievance Officer through either hard copy or computerized form. The record shall include a log showing the following:

    a. grievance number;

    b. date of receipt;

    c. name of grievant;

    d. subject of grievance;

    e. disposition date;

    f. brief description of the disposition; and

    g. appeal results, if any.

  This log will be forwarded to the Corporate Quality Assurance Department on a monthly basis.

  2. Record Retention. Records will be retained according to CCA Corporate and Facility Policy 1-15.

  3. Record Location. No copies of grievances shall be placed in an inmate/resident's file.

  4. Confidentiality. Records regarding the participation of an individual in the grievance procedures will not be available to employees or inmates/residents, except for clerical processing of records by CCA. Employees participating in the disposition of a grievance shall have access to records essential to the resolution of the grievance.

N. DISTRIBUTION AND TRAINING

A copy of this Policy and Procedure will be available to each staff member currently employed and for each inmate/resident currently housed at the facility. All new staff will receive a presentation on this Policy and Procedure during pre-service training. New inmates/residents will be informed of the grievance procedure upon entry to the facility and a copy will be

Proprietary Information - Not for Distribution - Copyrighted
Property of Correction Corporation of America

available in the inmate/resident handbook or library. If there is difficulty in understanding the procedure, every effort shall be made to explain the policy and procedure on an individual basis.

O. **AT THIS FACILITY, ADDITIONAL PROCEDURES ARE AS FOLLOWS:**

A copy of the Grievance Log will be provided to the Contract Monitor on a monthly basis.

### 14-5.6 REVIEW:

The General Counsel and the Vice President, Operations will review this policy on an annual basis.

### 14-5.7 APPLICABILITY:

All CCA facilities except those facilities that are required to follow the Contracting Agency's grievance policy

### 14-5.8 ATTACHMENTS:

1. Form 14-5A – Inmate/Resident Grievance Form
2. Form 14-6B – Grievance Extension Notice
3. Other Forms for this facility are as follows:

   **NONE**

### 14-5.9 REFERENCES:

ACA Standards. The ACA Standards for this facility are:

3-4271

Proprietary Information - Not for Distribution - Copyrighted
Property of Correction Corporation of America

Grievance No.: _____                                        Form 14-5A – For Offical Use Only

## CCA INMATE/RESIDENT GRIEVANCE FORM

Name (Print): _____
                Last Name            First            Middle Initial

Number: _____ Housing Assignment: _____

INFORMAL RESOLUTION ATTEMPTED?    Yes _____    No _____
NAME OF STAFF CONTACTED _____

**STATE GRIEVANCE** (Include documentation, witnesses, date of incident and any other information pertaining to the grievance subject. Attach additional pages if necessary).

_____
_____
_____
_____
_____
_____
_____
_____

**Requested Action**

_____
_____

Inmate/Resident's Signature: _____ Date Submitted: _____

**GRIEVANCE OFFICER'S REPORT**

_____
_____
_____
_____
_____

**GRIEVANCE OFFICER'S DECISION**

_____
_____
_____

Grievance Officer's Signature: _____ Date: _____
Inmate/Resident's Signature (upon receipt): _____ Date: _____

APPEAL:    Yes _____    No _____    STATE REASON (S) FOR APPEAL: _____
_____
_____

**WARDEN/ADMINISTRATOR'S RESPONSE**

_____
_____
_____

Warden/Administrator's Signature: _____ Date: _____
Inmate/Resident's Signature (upon receipt) _____ Date: _____

Revised 02/01/02

Form 14-5B

# **GRIEVANCE EXTENSION NOTICE**

INMATE'S NAME:_____

INMATE'S NUMBER:_____ HOUSING ASSIGNMENT:_____

DATE:_____ GRIEVANCE NUMBER#_____

This is to inform you that your grievance will not be answered by the seven (7) day deadline. More time is necessary to complete the investigation of your complaint.

Justification:_____
_____
_____


The Warden/Administrator has granted a _____ day extension which means that your grievance will be answered and returned to you by _____.

Facility Grievance Officer's Signature:_____ Date:_____

Inmate's Signature:_____ Date:_____

Revised 02/01/02

Not in SMU-A

Grievance No.: 812

Form 14-5A – For Official Use Only

## CCA INMATE/RESIDENT GRIEVANCE FORM

Name (Print): HAyens / Keionta / Shawn Q

Number: 254-792   Housing Assignment: SMU-A

INFORMAL RESOLUTION ATTEMPTED?   Yes ___   No ___   MAY 17 PM 2:01

NAME OF STAFF CONTACTED:

**SPECIFIC GRIEVANCE:**

I am still In SMU-A my Time was up on May 14-2004 That was on a Friday I Already mad about getting some Time in This Fucked up Jail for some shit I didn't even do you got lying ass Capt that do something worse And then lying on the person like when Capt London and Capt Maye Jump me with hancuffs behine my back Inside my room And Then Say I Assault one of them That a Fucking Ly

**Desired Action:**

Inmate/Resident's Signature: ___   Date Submitted: ___

**GRIEVANCE OFFICER'S REPORT**

Per our meeting you have been placed on Admin Seg due to the incident you were involved in, and this being convicted of about.

**GRIEVANCE OFFICER'S DECISION**

Your continued detention is SMU resulted in your having been placed on administrative segregation after you served your D/S time

Grievance Officer's Signature: R Owen   Date: 5/21/04
Inmate/Resident's Signature (upon receipt): Keionta Hayens   Date: 5-21-04

APPEAL: Yes ___   No ✓   STATE REASON (S) FOR APPEAL: ___

**WARDEN/ADMINISTRATOR'S RESPONSE**

Warden/Administrator's Signature: ___   Date: ___
Inmate/Resident's Signature (upon receipt): Keionta Hayens   Date: ___

EXHIBIT B

White Copy - Inmate Copy   Yellow & Pink - Grievance Committee   Revised 02/01/02