IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEIONTA HAGENS,<br><br>    Plaintiff,<br><br>  v.<br><br>CORRECTIONS CORPORATION OF AMERICA, *et al.*,<br><br>    Defendants. | Civil Action No. 1:05-CV-01917 (CKK) |

**REPLY OF DEFENDANTS CORRECTIONS CORPORATION OF AMERICA AND DALE LONDON IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

  Defendants Corrections Corporation of America and Dale London, by counsel, hereby file this Reply in Support of their Motion to Dismiss, or in the Alternative, for Summary Judgment. Defendants' Motion sets forth one simple issue: whether the Plaintiff exhausted the administrative remedies available to him before filing the subject lawsuit. Based on the evidence and as admitted in Plaintiff's Response, the answer is no. In fact, Plaintiff has failed to set forth any evidence that he exhausted the administrative remedies available to him pursuant to 42 U.S.C. § 1997(e). Accordingly, Plaintiff's Complaint must be dismissed.

  This Motion is supported by the following Statement of Points and Authorities and the pleadings on file with the Court.

I.  **STATEMENT OF POINTS AND AUTHORITIES**

  A.  **Plaintiff Has Conceded the Arguments Raised in Defendants' Motion.**

  Local Rule 7(b) provides that "an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the

prescribed time, the Court may treat the motion as conceded."

In this case, Plaintiff's Motion addresses every other issue but the sole argument raised in Defendants' Motion to Dismiss. Defendants asserted that Plaintiff had failed to exhaust the administrative remedies available to him, a mandatory requirement under the Prison Litigation Reform Act, before filing a lawsuit pursuant to the PLRA. Plaintiff failed to address this issue, other than to say that he did file a single grievance, without providing proof of such filing.

Accordingly, this Court should treat Plaintiff's failure to respond or provide evidence that he did in fact exhaust the administrative remedies available to him, as consent to granting judgment as a matter of law as to each of Plaintiff's claims.

      B.    **Plaintiff Was Aware of the Grievance Procedure.**

Plaintiff asserts in his Response, for the first time, that he is illiterate. He also asserts that he was unaware of the grievance procedure while detained at the Correctional Treatment Facility ("CTF"). Importantly, in Section II of Plaintiff's Complaint, he acknowledges that CCA had a grievance procedure and that he was "aware" of the grievance procedures within the facility. Plaintiff's Complaint also contains an allegation that he filed written grievances regarding this incident. Yet, a thorough search of Plaintiff's grievance records shows that Plaintiff never filed a grievance regarding any of the allegations contained in his Complaint. Indeed, Plaintiff has never provided any evidence to the contrary.[1]

Based on a clear reading of Plaintiff's Complaint, he has admittedly failed to comply with the CTF grievance policy for any of the claims outlined in his Complaint. As a result, Plaintiff has failed to exhaust the administrative remedies available to him as required under the

---

[1] Plaintiff attached a "request" form to his Response. This "request" form is not a grievance form. Thus, Plaintiff did not even complete the first step of the grievance procedure. In addition, each inmate is provided both written and oral information regarding the grievance procedure upon entry into the facility. *See* Affidavit of Joyce Allen, attached hereto as Exhibit 1.

PLRA. Accordingly, Plaintiff's Complaint must be dismissed.

### C. No Exhaustion of Administrative Remedies.

As the Court is aware, the PLRA requires inmates to exhaust administrative remedies before bringing a lawsuit. An inmate is required to exhaust all administrative remedies before filing civil litigation. An inmate prisoner must exhaust all of his administrative remedies, not just some.

In this case, Plaintiff acknowledged that a grievance policy existed. Plaintiff previously asserted that he complied with the grievance procedures. Yet, Plaintiff has never provided the Court with any evidence that a grievance was actually filed with the facility. In fact, the only evidence the Court has on this issue is from Joyce Allen, the Grievance Coordinator for CTF, who confirmed that Plaintiff never filed a grievance regarding the allegations made in his Complaint.

Accordingly, Plaintiff has failed to exhaust the administrative remedies available to him. This violation of the PLRA requires dismissal of Plaintiff's Complaint. As a result, Defendants Corrections Corporation of America and Dale London respectfully request that their Motion to Dismiss be granted.

### D. Plaintiff's Complaint Contains a "Pleading Defect" and Must Be Dismissed.

The failure to exhaust administrative remedies raises a "jurisdictional challenge" under the PLRA. As outlined in Defendants' Motion, the District of Columbia treats a Plaintiff's failure to allege exhaustion as a pleading defect. Further, this Circuit's treatment of the exhaustion issue comports with the PLRA's unequivocal language, which states that "[n]o action shall be brought...until such administrative remedies as are available are exhausted."[2]

Because (1) the Plaintiff has failed to provide the Court with any evidence that he

---

[2] 42 U.S.C. § 1997(e).

complied with the PLRA exhaustion requirements; and (2) the Plaintiff has admitted to not complying with the grievance policy while detained at CTF in Section II of his Complaint, there is a pleading defect that mandates dismissal of Plaintiff's Complaint. Accordingly, Defendants Corrections Corporation of America and Dale London respectfully request that their Motion to Dismiss be granted.

## II.     CONCLUSION

Based on the foregoing, Defendants Corrections Corporation of America and Dale London respectfully request that their Motion to Dismiss or, in the Alternative, for Summary Judgment be granted.

By:  /s/ Megan S. Ben'Ary
Kelvin L. Newsome (D.C. No. 439206)
Megan S. Ben'Ary (D.C. No. 493415)
LeClair Ryan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314

Daniel P. Struck, (D.C. Bar No. C0037)
Jennifer L. Holsman, (D.C. Bar No. 0495296)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-1700
Facsimile:   (602) 263-1784

*Counsel for Defendants Corrections Corporation of America and Dale London*

Filed electronically this 13th day of June, 2006.

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on this 13th day of June, 2006, a true and accurate copy of the foregoing was mailed, to:

>Keionta Hagens,
>Inmate #31585-007
>Big Sandy US Penitentiary
>PO Box 2068
>Inez, Kentucky 41224
>*Plaintiff pro se*

>             /s/ Megan S. Ben'Ary
>            Megan S. Ben'Ary

- 5 -