IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Keionta Hagens,<br><br>             Plaintiff,<br><br>      v.<br><br>Corrections Corporation of America, et al,<br><br>             Defendants. | Civil Action No. 1:05-CV-01917 CKK |

**DEFENDANTS CORRECTIONS CORPORATION OF AMERICA AND DALE LONDON'S RESPONSE TO PLAINTIFF'S ADDENDUM TO HIS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants, through counsel, file this Response to Plaintiff's Addendum to Motion to Oppose Summary Judgment ("Addendum").[1]  Plaintiff's Addendum fails to assert any legal or factual arguments in support of his assertion that he exhausted the administrative remedies pursuant to 42 U.S.C. § 1997(e) before filing the subject lawsuit.  In fact, Plaintiff's Addendum confirms that he did <u>not</u> comply with 42 U.S.C. § 1997(e).  Accordingly, Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment must be granted.

This Motion is supported by the following Statement of Points and Authorities and the pleadings on file with the Court.

I.      **STATEMENT OF POINTS AND AUTHORITIES**

A.      **FACTUAL BACKGROUND**

Plaintiff's Addendum to his Response in Opposition to Defendants' Motion to Dismiss or

---

[1] *See* docket number 39, "Errata by Keionta Hagens to Memorandum in Opposition filed by Keionta Hagens."

in the Alternative, Motion for Summary Judgment, asserts that his Response was filed without consent and that he was "intentionally sabotaged" by his jailhouse lawyer "in order to retaliate against Plaintiff due to animosity from the incident were Plaintiff defended himself…"[2]

Regardless, nothing in Plaintiff's Addendum supports his assertion that he complied with the Correctional Treatment Facility ("CTF") or Inmate Grievance procedures or deadlines. Accordingly, Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment must be granted.

### A.   **Plaintiff Did Not Exhaust His Administrative Remedies.**

The goal of the Prison Litigation Reform Act ("PLRA") to reduce the quantity of and improve the quality of prisoner lawsuits "can be realized only if the prison is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."[3] In this case, it is undisputed that Plaintiff failed to comply with these "procedural rules" in at least four distinct ways.

First, Plaintiff's "grievance" regarding alleged excessive force by Captain London and Officer Mayes was not filed until May 17, 2001, 40 days *after* the deadline for filing the grievance had passed.[4] In addition, Plaintiff's grievance states:

---

[2] *See* Plaintiff's Addendum, page 4.

[3] *Woodford v. NGO*, 126 S.Ct. 2378, 2388 (June 22, 2006) (" A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction, and under respondent's interpretation of the PLRA noncompliance carries no significant sanction. For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds. We are confident that the PLRA did not create such a toothless scheme").

[4] *See* Plaintiff's Addendum, Exhibit B.

> I am still in SMU-A. My time was upon May 14, 2004. That was on Friday. I already mad about getting some time in this fuck up jail for some shit I didn't even do. You get lying ass Capt that do something wrong and then lying on the person like when Capt London and Capt Mayes jump me with handcuffs behind my back inside my room and then I say I assault one of them. That a fucking lie.

As Plaintiff's grievance makes clear, he was seeking redress for allegedly being held in SMU beyond his scheduled date. Plaintiff's grievance <u>did not</u> request redress for the alleged assault by the Defendants. Even if the Court construes the grievance in the light most favorable to the Plaintiff, and determines that the grievance was sufficient, Plaintiff failed to appeal the grievance pursuant to the CCA Grievance Procedures. Accordingly, Plaintiff failed to exhaust the administrative remedies available to him.

Second, Plaintiff also asserts that the "Resident Request Form" submitted on May 23, 2004, "although inartfully drafted" was to be construed as a grievance regarding the incident. Plaintiff acknowledged the "procedural steps" to be taken in filing a grievance while detained at CTF, none of which included the submission of a Resident Request Form in place of the actual grievance form. As explained by the CCA Facility Grievance Officer in the affidavits attached to both Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and Reply, grievances <u>must</u> be filed on the applicable grievance form. Because Plaintiff did not complete the proper grievance form on May 23, 2004, he did not complete even the *first* step of the grievance procedure.[5]

Third, Plaintiff did not submit an appeal of the CCA Grievance Officer's initial denial of his grievance to Warden Figueroa, Plaintiff similarly failed to appeal his grievance to the Contract Monitor of the District of Columbia Department of Corrections as required under the

---

[5] Plaintiff also references a grievance he filed regarding the alleged confiscation of his property. This is irrelevant to the claims asserted in Plaintiff's Complaint.

"procedural rules" for exhaustion.

Fourth, Plaintiff asserts that because there was an investigation report prepared on the alleged use of excessive force by the Defendants, he did not need to comply with the exhaustion requirements.  As outlined in *Woodford*, however, the "exhaustion requirements are designed to…create[] an incentive for those parties to do what they otherwise would prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims…by requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so **properly.**"[6]  Plaintiff's "mistaken belief" that the alleged incident was being investigated, does not alleviate the mandatory exhaustion requirement.  Plaintiff asserts he did not "need" to comply with the grievance procedure because he "believed that there was nothing more [he] could accomplish through administrative remedies."[7]   Thus, Plaintiff's admitted failure to exhaust the administrative remedies available to him, confirms Plaintiff's failure to comply with CCA's Inmate Grievance procedures and deadlines.

Moreover, the investigation report clearly states that "the facts of this inquiry suggest that a use of force was made unavoidably necessary by undisputed aggressive and assaultive behaviors initiated solely be Keionta Hagens without warning."[8]   Thus, the investigation report fails to confirm Plaintiff's allegations of excessive force by the Defendants.  Accordingly, Plaintiff's allegation that "the plaintiff sought to appeal the response to a higher authority due to the nature of the response, however the internal affairs investigation had verified all that plaintiff had alleged and there was no other viable remedy" is simply false.[9]

---

[6] *See Woodford v. NGO*, 126 S. Ct. at 2385.

[7] *See* Affidavit of Keionta Hagens, paragraph 5.

[8] *See* Plaintiff's Addendum, Exhibit H.

[9] *See* Plaintiff's Addendum at page 9.

1655922.1

The law is clear – exhaustion of administrative remedies is *mandatory* before filing a civil action. Plaintiff admittedly did not comply with the procedural requirements for the exhaustion of administrative remedies or before filing this action. Accordingly, Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment must be granted.

**B.   Exhaustion Required for Monetary Damages Claims.**

Plaintiff asserts that he was not required to exhaust administrative remedies because he seeks only monetary damages.[10] In doing so, Plaintiff incorrectly relies on the 2000 *Wright v. Hollingsworth* decision. This case was overruled in 2001 and now stands for the proposition that exhaustion of administrative remedies in cases only seeking monetary damages is required.[11]

Put simply, Plaintiff's assertion is contrary to the recent holding in *Woodford v. NGO*, which states: "[e]xhaustion…is mandatory. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). Prisoners must now exhaust all 'available' remedies…Indeed, as we held in Booth, a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process. *Id*. at 734."[12]

In sum, even though Plaintiff only seeks monetary damages, the law requires him to exhaust the administrative remedies available to him before filing a civil action. Plaintiff failed to so. Accordingly, Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment must be granted.

---

[10] *See* Plaintiff's Addendum, page 11.

[11] *See* 260 F.3d 357 (5th Cir. 2001).

[12] *Woodford*, 126 S. Ct. at 2382-2383.

## II. CONCLUSION

Based on the foregoing, Defendants respectfully requests their Motion to Dismiss or in the Alternative Motion for Summary Judgment be granted.

Dated: July 17, 2006

  s/ Jennifer L. Holsman
Daniel P. Struck, (Bar No. C0037)
Jennifer L. Holsman, (Bar No. 0495296)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Facsimile: (602) 263-1784

Kelvin L. Newsome (No. 439206)
Megan Ben'Ary (No. 493415)
LeClair Ryan, A Professional Corp.
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Telephone: (703)
Attorneys for Defendants
Corrections Corporation of America and Dale London

## CERTIFICATE OF MAILING

I HEREBY certify that on July 17, 2006, a complete copy of the foregoing has been mailed, US postage, prepaid to the following:

Keionta Hagens,
Inmate #31585-007
Big Sandy US Penitentiary
PO Box 2068
Inez, Kentucky 41224

  s/ Carol S. Madden