IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

KEIONTA HAGENS,　　　　　　　　　)

　　　　Plaintiff,　　　　　　　　　　)

　　　　　　　　　　　　　　　　　　)

　　　　　　　　　　　　　　　　　　)

　　　v.　　　　　　　　　　　　　　)　Civil Action No. 1:05-CU-01917

　　　　　　　　　　　　　　　　　　)　(CKK)

　　　　　　　　　　　　　　　　　　)

CORRECTIONS CORPORATION　　　　　)

OF AMERICA, et al.,　　　　　　　　)　**RECEIVED**

　　　　　　　　　　　　　　　　　　)　AUG 2 5 2006

PLAINTIFF'S REPLY to
DEFENDANTS CORRECTIONS CORPORATION
OF AMERICA AND DALE LONDON'S
RESPONSE to PLAINTIFF'S ADDENDUM
TO HIS RESPONSE IN OPPOSITION to
DEFENDANT'S MOTION to DISMISS OR
IN the ALTERNATIVE, MOTION FOR
SUMMARY JUDGMENT

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

the plaintiff, Keionta Hagens, pro se,
respectfully responds to defendant's motion,
above-named, and shows to the Court
the below:

Defendants make an unsubstantiated claim that plaintiff's Addendum fails to assert any legal or factual arguments in support of "his assertion that he exhausted the administrative remedies pursuant to 42 U.S.C. SS 1997 (e) before filing the subject lawsuit." A reading of the Addendum and the attached exhibits clearly shows the plaintiff's efforts at exhausting administrative remedies. (See, Addendum pg. 6, Sec. A., pgs. 7-9, and Exhibits).

The defendants somehow interpret plaintiff's explanation of how the initial response was filed absent plaintiff's approval, as an effort to avoid the tenets of the PLRA (Response, pg. 2, N. 2). Instead, the explanation was just that, out of

respect for the Court and the defendants,
an explanation as to how the bogus
papers got before the Court.

the plaintiff does not intend to
re-argue the points raised in prior
filings, however, the defendants seem
to believe that should they assert
a position, that the Court should
adopt that position regardless
of whether it is supported or not.
the assertions fly in the face of
reality since plaintiff attached
copies of grievances and responses,
which show that plaintiff attempted
to exhaust administrative remedies.
(See Exhibits, B, C, D, E, F, G,
& H, attached to Addendum). Many
of the exhibits that plaintiff attached
were memorandums from staff at
the Corrections Corporation of America,
facility. It is incredible that

-3-

defendants would claim that there was no effort to exhaust remedies when their agents and/or staff generated responses that substantiated the incident as the plaintiff had alleged that it took place. (i.e. Exhibit G & H, from Addendum).

Defendants argument that an informal request not on CCA forms is in non-compliance, lacks substance. Plaintiff is and has at all relevant times been an inmate. Plaintiff can only request the proper forms from prison officials. Should these requests be denied or ignored, the plaintiff has no means of producing the proper forms, and no court should penalize plaintiff

because of the defendants failure to provide access to the grievance procedure. (Response, pg. 3).

Similarly, the claim that plaintiff did not submit appeals is frivolous, since the CCA investigators had concluded that the agents of the defendants were in violation and that the warden would take "corrective/adverse action against Captain London." (Exhibit G, Addendum).

Contrary to the defendants' assertion, plaintiff did not choose not to appeal the investigative or grievance findings. Instead, plaintiff was transferred out of the custody of CCA, and without the means or access to appeal higher. The fact that the reports substantuated plaintiff's claims

fortified the decision to rest on the prior results. A party cannot benefit by it's own adverse acts against a party. Here, the defendants chose to transfer the plaintiff, knowing that there existed no means for the plaintiff to appeal these decisions while in a federal prison. In any event, the plaintiff exhausted the remedies available to him and the Court should deny defendants motion to dismiss, or for summary judgment. In the alternative, the Court should dismiss the case without prejudice, so that the plaintiff can exhaust all administrative remedies available.

WHERE FORE, due to the FOREGOING,
AND ANY other REASON(s) which may
Appear to the Court, the plaintiff,
Keionta Hagens, pro se, Respectfully
Requests that defendants motion to
Dismiss be denied in All Respects.


Respectfully submitted,

Keionta Hagens 31585-007
KEIONTA HAGENS, pro se
Reg. No. 31585-007
USP - B's SANDY
P. O. Box 2068
INeZ, KY 41224


Executed this 18th day of AUGUST,
2006, At INeZ, KY, pursuant to 28 U.S.C.
§§ 1746.

Keionta Hagens #31585-007
KEIONTA HAGENS
Reg. No. 31585-007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I mailed a copy of the foregoing Response of the plaintiff to the below-listed persons entitled to receive a copy thereof, by U.S. Mail, postage prepaid, this 10th day of August, 2006.

Keionta Hagens #31585-007
KEIONTA HAGENS, pro se
Reg. No. 31585-007
USP-Big Sandy
P.O. Box 2068
Inez, KY 41224

Kelvin Newsome, Esq.
LeClair Ryan, P.C.
225 Reinekens Lane,
Suite 700
Alexandria, VA 22314

Daniel Struck, Esq.
Jones, Skelton, & Hochuli, P.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012

-8-