UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Keionta Hagens, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-1917 (CKK) |
| | : | |
| Corrections Corporation of America, *et al.*, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION

In this action brought under 42 U.S.C. § 1983, plaintiff sues the District of Columbia, the Corrections Corporation of America ("CCA"), and two corrections officers, Dale London and James Mayes, who allegedly subjected plaintiff to excessive force during an incident at the CCA-run Correctional Treatment Facility ("CTF") on April 1, 2004.[1] The District of Columbia moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). CCA and Dale London each move to dismiss or for summary judgment based on plaintiff's failure to exhaust administrative remedies. Upon consideration of the parties' submissions and the entire record, the Court will grant the District's motion to dismiss and will grant CCA's and London's motions for summary judgment.[2]

Plaintiff has not opposed the District of Columbia's motion to dismiss. Pursuant to the Order of February 13, 2006, this defendant's motion will be granted as conceded.

---

[1] The Court dismissed the complaint against defendant Mayes without prejudice based on plaintiff's inability to provide an address for service of process. *See* Order (Jun. 21, 2006).

[2] Although filed separately, London's opening motion effectively adopts CCA's motion. London has joined in CCA's reply [Dkt. No. 34].

Turning to CCA's and London's motions, summary judgment "should be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322- 24 (1986). The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust their administrative remedies before bringing a civil action arising from prison conditions and to do so properly by complying "with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo,* 126 S.Ct. 2378, 2386 (2006); accord *Booth v. Churner*, 121 S.Ct. 1819, 1825 (2001). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford*, 126 S.Ct. at 2382.

Plaintiff has not refuted with any competent evidence defendants' declarations showing that he did not exhaust his administrative remedies. *See* CCA's Mtn., Ex. 1, Affidavit of Joyce Allen ("Allen Aff.") ¶¶ 7-9; Def.'s Reply, Second Affidavit of Joyce Allen ("Second Allen Aff.") ¶¶ 8-9. According to Allen, plaintiff's proffered inmate request slip, Pl.'s Opp., Ex. 4, provides no support for his claim that he did exhaust because it "is not a part of the formal grievance process." Second Allen Aff. ¶ 8; *cf*. Allen Aff. ¶ 6 (explaining four-step grievance process). In an "addendum" to his opposition [Dkt. No. 42], plaintiff points to a grievance form he allegedly submitted on May 17, 2004, Ex. B, and correspondence from the District's Contract Monitor concerning CTF's investigation of the April 1 incident, Exs. F, G, as proof of his exhaustion. Although the May 17 grievance mentions the incident at issue here, CTF officials reasonably addressed the grievance as a challenge to plaintiff's prolonged detention in administrative

segregation beyond the asserted expiration date of May 14, 2004.[3]  Plaintiff "specifically indicated that he did not wish to pursue any further action on [the May 17] grievance."  Allen Aff. ¶ 8; *see* Ex. B (plaintiff's check mark indicating no pursuit of an appeal).  In any event, none of plaintiff's exhibits shows that he properly exhausted his administrative remedies by appealing to the Warden (step two) or to the Director of the D.C. Department of Corrections (step four).  "If an inmate . . . omits any part of [the grievance process], he has not exhausted the administrative remedies available."  Allen Aff. ¶ 6.  In the absence of any evidence presenting a genuine issue of material fact with respect to plaintiff's lack of exhaustion, the Court concludes that CCA and Dale London are entitled to judgment as a matter of law.

For the foregoing reasons, the District of Columbia's motion to dismiss is granted as conceded and CCA's and Dale London's motions for summary judgment are granted based on plaintiff's failure to exhaust administrative remedies.  A separate Order of dismissal accompanies this Memorandum Opinion.

```
         s/s
COLLEEN KOLLAR-KOTELLY
United States District Judge
```

DATE: September 28, 2006

---

[3]  Had the grievance arose from the April 1 incident, it would have been untimely under the requirement that grievances be filed within seven days of the alleged incident.  Allen Aff., Ex. A (Inmate/ Resident Grievance Procedures) at 3.  The PLRA's exhaustion requirement is not satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Woodford,* 126 S.Ct. at 2382.