UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEIONTA HAGENS,  :
    Plaintiff,  :
      :
v.  :  Civil Action No. 05-1917(CKK)
      :
CORRECTIONS CORPORATIONS  :
OF AMERICA, et al.,  :
    Defendant.  :
      :

RECEIV[ED]
OCT 2 0 2006
NANCY MAYER WHITTINGTON, CL[ERK]
U.S. DISTRICT COURT

PETITION FOR RECONSIDERATION

    The plaintiff, Keionta Hagens, pro se, petitions this Honorable Court to reconsider the Final Order entered September 28, 2006, dismissing this case, pursuant to motions by the defendants for dismissal, and in support thereof states the following:

I. JURISDICTION

    The Court has Jurisdiction to entertain this motion pursuant to Federal Rules of Civil Procedure Rule 52(b), and the inherent authority vested in the Court.

II. BACKGROUND

    1.) The plaintiff a pro se prisoner, not trained in the law filed this civil action pursuant to 42 U.S.C. § 1983, due to the use of excessive force by the defendants, Dale London and James Mayes. In addition, plaintiff sues herein, the District of Columbia, ("the District," "District," hereinafter), and Corrections Corporation of America ("CCA").

2.) Plaintiff alleged that excessive Force was used during an incident at the CCA-run and District-owned, Correctional Treatment Facility ("CTF"), on April 1, 2004.

3.) In an order of March 10, 2006, the Court ordered that the plaintiff provide the full name and address for defendant, James Mayes. The plaintiff could only provide the work address for defendant Mayes, and subsequently the Court dismissed the complaint against defendant Mayes, without prejudice.

4.) On June 1, 2006, the Court ordered that plaintiff respond to defendants' dispositive motions on or before July 7, 2006. The plaintiff responded to the dispositive motions filed by CCA, and Dale London. However, the Court erroneously concludes that plaintiff did not respond to the District's motion to dismiss.

5.) In an order of September 28, 2006, the Court granted the District of Columbia's Motion to Dismiss as conceded; granted Corrections Corporation of America's Motion for Summary Judgment; greanted Dale London's Motion for Summary Judgment; and dismissed the case.

6.) Plaintiff contends that substantial reasons of merit exist which the Court should reconsider, or that matters of urgency which justify any omissions previously, should cause this Court to reconsider the order of September 28, 2006.

WHEREFORE, the plaintiff, Keionta Hagens, pro se, due to the aforementioned, and accompanying Memorandum of Points and Authorities, respectfully requests that the Court reconsider

the order of September 28, 2006.

                                    Respectfully Submitted,

                                      Keionta Hagens, pro se
                                      Reg. No. 31585-007
                                      USP - Big Sandy
                                      P.O. Box 2068
                                      Inez, Ky 41224

## CERTIFICATE OF SERVICE

      I, Keionta Hagens, hereby certify that on this 16th day of October 2006, a copy of the foregoing Motion For Reconsideration, along with Memorandum of Points and Authorities in support of said Motion, were mailed postage prepaid to:

| | |
|---|---|
| Michael P. Brockheim, Esq.<br>Assistant Attorney General<br>For the District of Columbia<br>441- 4th Street, N.W.<br>6th- Floor South<br>Washington, D.C. 20001 | Daniel P. Struck, Esq.<br>Jones, Skelton & Hocholi, P.L.C.<br>Attorneys At Law<br>2901 North Central Avenue<br>Suite 800<br>Phoenix, Arizona 85012 |

                                      Keionta Hagens, pro se
                                      Reg No. 31585-007
                                      USP- Big Sandy
                                      P.O. Box 2068
                                      Inez, Ky 41224

      Executed this 16th day of October, 2006, at Inez, Ky, pursuant to 28 U.S.C. § 1746.

                                      Keionta Hagens, pro se
                                      Reg. No. 31585-007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


KEIONTA HAGENS,                :

    Plaintiff,             :

                                  :   Civil Action No. 05-1917(CKK)

    v.

CORRECTIONS CORPORATION         :
OF AMERICA, et al.,

    Defendants.            :

_____


MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PETITION FOR RECONSIDERATION

    The plaintiff herein is a layman, and not trained in the law. As a result, the Court should liberally construe plaintiff's filings to seek any and all available remedies. Haines v. Kerner, 404 U.S. 519, 30 L. Ed.2d 652, 92 S. Ct. 594(1972); Razzoli v. Federal Bureau of Prisons, 230 F.3d 371(D.C. Cir. 2000); Holly v. Department of Veteran Affairs, 165 F.3d 214(3rd Cir. 1999). In any event, plaintiff prays that the Court not allow the vindictive, retaliatory tactics of Inmate Jeffries(the self-professed writ writer) to cause an innocent party harm. Plaintiff is and has been, at all relevant times, incarcerated and unable to seek consent before the filing of the instant motion. In addition, the plaintiff is not knowledgeable in the law, along with very limited formal education, which causes problems with reading and comprehending and writings. Additionally, the plaintiff has suffered numerous blows to the head and body at the hands of correctional staff and even been shot in the face by

a correctional officer while incarcerated at Hope Village Inc.,[1] halfway-house, in Southeast, Washington, D. C. Finally, the plaintiff is unable to respond to legal filings without the assistance of someone knowledgeable in the law. To compound matters, during the period of time that a response was due, officials of this prison took all of plaintiff's legal property from him on four(4) separate occasions, the facility was in total lockdown(24 hrs. in cells) on four(4) separate occasions, and the officials have since February 2, 2006, barred the plaintiff from all access to the computers that house the legal library at this federal prison. Plaintiff contends that the acts and/or omissions of the defendants to prevent the plaintiff from formulating exhibits and affidavits in opposition to the motions to dismiss, should cause this Court to reconsider the order of September 28, 2006, and deny the motions to dismiss, or at least dismiss the complaint, without prejudice, to allow the plaintiff to exhaust available remedies, and to thereafter file the civil complaint.

## I APPLICABLE LEGAL STANDARDS

### A. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957); see also Haynesworth v. Miller, 261 U.S.

---

[1] The Court can take judicial notice of the fact that the Hon. Stephanie Duncan-Peters in D.C. Superior Court awarded the plaintiff fifty-thousand dollars($50,000) in a suit against the correctional officer who shot the plaintiff at Hope Village.

-2-

App. D.C. 66, 820 F.2d 1245, 1254(D.C. Cir. 1987). Under Rules 12(b)(6) and 12(b)(1), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. See Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed.2d517(1993); Phillips v. Bureau of Prisons, 192 U.S. App. D.C. 357, 591 F.2d 966,968(D.C. Cir 1979); see also Sierra Club v. Mainella, 2005 U.S. Dist. LEXIS 18911, 2005 WL 327664 at *5(D.D.C. Sept. 1, 2005)(unpublished disposition). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90(1974); Sparrow v. United Air Lines, Inc., 342 U.S. App. D.C. 268, 216 F.3d 1111, 1113(D.C. Cir. 2000). The plaintiff herein alleges that efforts were made to exhaust available administrative remedies and the Court must accept those allegations to be true, absent conclusive evidence to the contrary.

        B. Summary judgment pursuant to Fed R. Civ. P. 56(c)

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial responsibility of demonstrating that no genuine disputeof material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265(1986).

To determine whether there is a genuine issue of material fact sufficient to preclude summary judgment, the court must regard the non-moving party's statements as true, and accept all evidence and make all inferences in the non-moving party's favor. See Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed. 2d 202(1986). The plaintiff herein provides evidence that the motion of the District to dismiss was opposed and/or if not sufficiently, that the defendants precluded the plaintiff from having access to the motion to dismiss in order to formulate a response, and that the plaintiff attempted to exhaust administrative remedies and the defendants prevented the plaintiff from exhausting the remedies pursuant to CCA guidelines by refusing to provide the necessary forms and transferring the plaintiff to a federal prison before providing any access to the needed forms.

In the case at bar, the Court has erroneously concluded that the plaintiff did not contest the motion to dismiss filed by the District and has accepted the contentions of CCA and Dale London that the plaintiff failed to exhause administrative remedies.

However, as plaintiff will show herein, the evidence is contrary to the above, or even if the Court finds the evidence sufficient, the fact that plaintiff was transferred so soon after the initial complaint evidences a concerted effort to prevent exhaustion of remedies, and should therefore be counted against the defendants. Additionally, the defendants, their agents and/or employees unjustly confiscated all of plaintiff's legal property and thereby prevented the inmate who is assisting the plaintiff in these filings from seeing the motion to dismiss filed by the District, until after the Court's September 28, 2006, Order.

## IV. EVIDENCE DOES EXIST WHICH CREATES A GENUINE ISSUE OF MATERIAL FACT WITH RESPECT TO PLAINTIFF'S ATTEMPTS TO EXHAUST ADMINISTRATIVE REMEDIES

There is evidence from which the Court can find that the plaintiff attempted to exhaust administrative remedies. The plaintiff submitted a request form detailing the excessive use of force by the defendants on April 3, 2004. On the same date plaintiff submitted the, undated, request form to Ms. Barbara Hart, concerning lost or stolen property, the plaintiff submitted the above-mentioned request form. In all the unjust lockdowns and confiscation of legal property, the plaintiff has been deprived of any copies of the request form, and is seeking to obtain a copy from friends or family members.

> "Given the Federal Rules' simplified standard for pleading [a] court may dismiss a complaint only if it is clear that no relief could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 152 L.Ed. 2d 1(2002)(quoting Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.Ct. 2229, 8 L.Ed.2d 59(1984)).

As the non-moving party, the Court was obligated to accept as true the affidavit of the plaintiff, attached to plaintiff's Opposition To Defendants' motions to dismiss. As mentioned above, the defendants kept the plaintiff in the Segregation Unit from the time of the incident until the plaintiff was transferred to this federal prison. By so doing, the defendants p laced the plaintiff in the position where ready access to grievance forms was not available, and once transferred the need for grievance forms dissipated. The Court should not allow the defendants to impede exhaustion of

-5-

remedies and still claim the failure to exhaust as a defense. Ferguson, supra.(See Pl. Opp. pgs. 2-3).

The allegation that plaintiff specifically indicated a desire to not pursue any further action on the grievance procedures is false. The plaintiff did not place the check mark on the form indicating that no appeal was desired.(Ex. B). In addition the form bears two responses and clearly the signature for receipt is not the signature of the plaintiff. Surely, the plaintiff knows how to spell his own name, **Keionta not Keiota**. It is obvious that Ms. Allen's affidavit alleges false information concerning the grievance process and it appears that plaintiff's signature was copied by someone, rather that the plaintiff signing the form.

Finally, none of the defendants have alleged any disability in defending against the allegations of the complaint. Indeed, agents for the defendants investigated the allegations and concluded that improper tactics and excessive force were used by the correctional officers. Surely, even without exhaustion of remedies, the results of the investigation were divulged to those in positions of authority.(Opp. Ex. G & H). Additionally, the plaintiff, although it was not a prerequisite to filing a suit pursuant to 42 U.S.C. §1983, served notice of intent upon the Mayor of the District, pursuant to D. C. Code §12-309.(Copy of Notice Of Intent in appendix as Exhibit A). Wherefore, due to the above, the Court should reconsider and rescind or modify the order of September 28, 2006.

## V. THE COURT ERRONEOUSLY CONCLUDES THAT THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS WAS CONCEDED BY PLAINTIFF

Contrary to the Court's September 28, 2006, order, the plaintiff did not concede the District's Motion to dismiss. The District's motion to dismiss was based on two grounds: (1)whether the District properly delegated all duties of inmate care to the Corrections Corporation of America(CCA); and (2) whether the complaint failed to state a claim for municipal liability under 42 U.S.C. §1983. (Dist. Mot., pg. 1).

In the motion to oppose summary judgment, filed by the plaintiff the plaintiff refers the Court to Exhibits 2 & 3, which show a history of abusive conduct on the part of CCA staff. The exhibits(2&3) were submitted and the plaintiff requested that the Court take notice of the fact that the District Could not legitmately claim a lack of knowledge of the unconstitutional acts of employees and/or agents of CCA.(See Opp. Mot. at 2).

On page seven(7) of plaintiff's opposition to the motions to dismiss, plaintiff clealy sets out the duty of care that the District owed to the plaintiff and the failure of the District to fulfill that duty.

Additionally, the plaintiff clearly contested the District's motion to dismiss in the "addendum" to the opposition motion of the plaintiff. On page three(3) of the "addendum", in footnote #1, the plaintiff requested "that the exhibits filed with the opposition motion remain in the record against motion to dismiss filed by the District of Columbia."

-7-

A district court abuses its authority when it makes an error of law or rests its decision on clearly erroneous findings of material fact.(See United States v. Alviso, 152 F.3d 1195, 1198(9th Cir. 1999). In the case at bar, the Court erroneously concludes that the plaintiff failed to oppose the motion to dismiss filed by the District, this alone should cause the Court to reverse its order of September 28, 2006. In re Orenduff, D.C. Pkl. 226 F. Supp 312, 314; Oxedine v. Merrell Dow Pharmaceuticals, Inc., App. D. C. 563 A.2d 330(1989), cert. denied, 493 U.S. 1074, 110 S. Ct. 1121, 107 L.Ed2d 1028(1990); Don't Tear It Down, Inc. v. District of Columbia, 395 A.2d 388(D.C. 1978); Simpson v. Lee, 499 A.2d 889(1985).

In addition, the District had the sole authority to transfer the plaintiff from the Correctional Treatment Facility(CTF), and as such contributed to the attempt to prevent the plaintiff from filing any further grievances or appeals concerning the incident that forms the basis of this complaint. In fact, the contract between the District and CCA expressly set out that the District would have the sole authority to transfer D. C. prisoners"into or out of the CTF". (See copy of page 14 from the Operations and Management Agreement between the District and CCA in appendix, as Exhibit B).

It should also be noted that the District is and has been at all times relevant, the owner of the CTF.  The District has leased the facility to CCA for twenty (20) years.  The Council of the District of Columbia approved the measure in the National Capital Revitalization and Self-Government Improvement Act of 1997, approved on August 5, 1997.(P.L. 105-33;111 Stat. 712).

-8-

## OFFICERS AND OFFICIALS CUSTOM AND PRACTICE
## OF PHYSICALLY ABUSING PRISONERS

At times relevant to this case, and for several years previously, it was the commonly understood practice of many D. C. Correctional officers and officials to pysically abuse prisoners in retaliation for prior grievances or suits.(See Blango v. District of Columbia, et al., Civil Action No. 99cv2179 (D.D.C. 1998)). In Blango Id., a settlement was reached before trial in a case where it was alleged that "beatings were systematically carried out by many officers as organized, malicious, and sadistic 'going away party.'" The beatings were inflicted by D. C. Department of Corrections officers as prisoners were being procesed for transfer from Lorton's Occoquan Facility to the NOCC. Many of the offending officers stated that the beatings were in retaliation for prior filings by inmates. The circumstances supported an inference that the beatings were part of a longstanding, widespread, custom and practice of correctional officers and officials. See Bordero v. McLeod, 871 F.2d 1151, 1156(1st Cir. 1989)(existence of unconstitutional custon "inferred from the event itself," which involved the joint actions of the entire night watch, "thus supporting reasonable inference ... that all of the officers involved were operating under a shared set of rules and customs.").

Therefore, plaintiff has been deprived of rights, privileges, or immunities secured by the constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535(1981). The Eighth Amendment prohibit punishments that either involve unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime for which a prisoner is incarcerated. Rhodes v. Chapman, 452 U.S. 337, 347(1981). "Combinations of various conditions can give rise to an Eighth Amendment violation where each condition itself would not so rise." Campbell-El v. District of Columbia, 881 F. Supp. 42, 44(D.D.C. 1995)(citing Wilson v. Seiter, 501 U.S. 294, 304-05(1991). In this case, the acts and/or omissions complained of rise to the level of an Eighth Amendment claim when viewed in the totality of the conditions, even if no single violation would otherwise so rise. The conditions complained of herein deprived plaintiff of basic human needs due to circumstances so serious as to be considered "cruel and unusual." See Pryor-El v. Kelly, 892 F. Supp. 261, 266-67(D.D.C. 1995). Further plaintiff alleges that defendants knew of and disregarded the conditions that exposed plaintiff to an excessive risk to health and safety. See Farmer v. Brennen, 511 U.S. 825, 834(1994).

## RELIEF

**WHEREFORE**, the plaintiff, Keionta Hagens, pro se, respectfully requests that this Honorable Court reconsider its judgment of September 28, 2006, due to the above, and for any other reason(s) which may appear to the Court. The plaintiff requests, in the alternative, that the Court dismiss the case **without prejudice** to allow the plaintiff the opportunity to litigate the meritorious claims contained herein.

Respectfully submitted,

*Keionta Hagens*
KEIONTA HAGENS, pro se
Reg. No. 31585-007
USP- Big Sandy
P. O. Box 2068
Inez, KY 41224


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have mailed a copy of the foregoing motion for reconsideration to the below-named persons entitled to receive a copy thereof, postage prepaid, U.S. Mail, this 16th da of October, 2006.

Michael P. Bruckheim, Esq.
Asst. Atty General
For the District of Columbia
441- 4th Street, N. W.
Sixth Floor South
Washington, D. C. 20001

Daniel P. Struck, Esq.
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012

Executed this 16th day of October, 2006, at Inez, KY, pursuant to 28 U.S.C. §1746.

*Keionta Hagens*
KEIONTA HAGENS, pro se
Reg. No. 31585-007

-10-