IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Keionta Hagens,<br><br>    Plaintiff,<br><br>  v.<br><br>Corrections Corporation of America, et al,<br><br>    Defendants. | Civil Action No. 1:05-CV-01917 CKK |

**DEFENDANTS' CORRECTIONS CORPORATION OF AMERICA AND DALE LONDON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

  Defendants Corrections Corporation of America ("CCA") and Dale London, through counsel, file this Response in Opposition to Plaintiff's Motion for Reconsideration. Plaintiff's Motion for Reconsideration must be denied because: (1) Plaintiff fails to meet his burden under FED. R. CIV. P. 59(e) or 60 to entitle him to requested relief; (2) Plaintiff has not, and cannot, meet his burden of establishing a constitutional violation by the Defendants; and (3) Plaintiff's Motion is untimely. Accordingly, the Court's dismissal of this action was proper and Plaintiff's Motion for Reconsideration must be denied.

  This Response is supported by the following Statement of Points and Authorities.

**STATEMENT OF POINTS AND AUTHORITIES**

**I. FACTUAL AND PROCEDURAL BACKGROUND.**

  Plaintiff filed this civil rights action on September 29, 2005, in which he alleged that excessive force was used upon him on April 1, 2004, while he was detained at the Correctional Treatment Facility ("CTF"). CTF is a facility operated by CCA pursuant to a contract with the

District of Columbia.

On April 18, 2006, Defendant CCA and Dale London filed a Motion to Dismiss or in the alternative Motion for Summary Judgment, because Plaintiff failed to exhaust the administrative remedies available to him under 42 U.S.C. § 1997(e). The Court granted Defendants' Motion for Summary Judgment on September 28, 2006 finding that "Plaintiff has not refuted with any competent evidence defendants' declaration showing that he did not exhaust his administrative remedies."[1]

Plaintiff subsequently filed this Motion for Reconsideration on October 20, 2006. Plaintiff contends that this Court should "reconsider the order of September 28, 2006, and deny the motions to dismiss, or at least dismiss the complaint, without prejudice, to allow the plaintiff to exhaust available remedies, and to thereafter file the civil complaint."[2] Defendants object and respectfully request that Plaintiff's Motion for Reconsideration be denied.

### A.   Plaintiff Cannot Meet the Standard for Reconsideration.

Plaintiff's Motion for Reconsideration does not state whether he seeks relief under Rule 59(e) or Rule 60. Instead, Plaintiff's Motion "contends that substantial reasons of merit exist which the Court should reconsider, or that matter of urgency which justify any omissions previously, should cause this Court to reconsider the order of September 28, 2006."[3] Plaintiff's "Memorandum" makes the following arguments: (1) that dismissal of his Complaint was improper under Rule 12(b)(6) because "efforts were made to exhaust available administrative remedies and the Court must accept those allegations to be true, absent conclusive evidence to the contrary;[4] (2) that summary judgment was improper because the Court should have

---

[1] *See* September 28, 2006, Court Order, page 2.
[2] *See* Plaintiff's Memorandum of Points and Authorities in Support of Petition for Reconsideration, page 2.
[3] *See* Plaintiff's Petition for Reconsideration, paragraph 6.
[4] *See* Plaintiff's Memorandum of Points and Authorities in Support of Petition for Reconsideration, page 3.

"considered" his "transfer" as an attempt by the Defendants to stop him from exhausting administrative remedies;[5] (3) that the Court should consider his "request form" about property issues written to Barbara Hart as a grievance regarding his excessive force claim, a fact previously refuted by Sherri Allen in her Affidavit in Support of Defendants' Motion for Summary Judgment;[6] and (4) newly asserts that "officers and officials [have a] custom and practice of physically abusing prisoners" and cites to "proof" of such action from the *Lorton* facility.[7] In sum, it appears that Plaintiff's Motion for Reconsideration is based on his displeasure with the Court's granting of Defendants' Motion for Summary Judgment, not because of an improper application of the law based on the facts presented to the Court in the pleadings.

Courts throughout the country have recognized that Motions for Reconsideration are appropriate only in very limited circumstances and are not generally granted absent "highly unusual circumstances."[8] Further, Courts have repeatedly determined that Motions for Reconsideration are not vehicles for relitigating "old" issues.[9] In the District, the standard governing reconsideration under Rules 59(e) and 60(b) requires a court to find "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[10]

Although Plaintiff does not raise allegations of fraud, inadvertence, excusable neglect, newly discovered evidence, surprise, or misconduct in his Motion for Reconsideration,

---

[5] *See* Plaintiff's Memorandum of Points and Authorities in Support of Petition for Reconsideration, page 4.
[6] Plaintiff also critiques the grievance filed (Exhibit B), a document discussed at length in the parties dispositive motions.
[7] *See* Plaintiff's Memorandum of Points and Authorities in Support of Petition for Reconsideration, page 9. These Defendants do not address any claims made against the District of Columbia as asserted in Plaintiff's Motion.
[8] *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999); *See also United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (disagreement with the court's order does not support request for relief under Rule 59(e).
[9] *See See Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 759 (11th Cir. 2005); *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136 (2nd Cir. 1998).
[10] *APCC Servs., Inc. v. AT & T Corp.*, 281 F.Supp.2d 41, 44 (D.D.C. 2003) (quoting *Campbell v. U.S. Dept. of Justice*, 231 F. Supp.2d 1, 7 (D.D.C. 2000)).

1708391.1

Defendants address this issue and assert that Plaintiff's Motion fails under Rule 60(b). The D.C. Circuit allows Rule 60(b) motions to challenge alleged legal errors only in the most extreme situations: when the district court based its legal reasoning on case law that it had failed to realize had recently been overturned.[11]  Applying the D.C. Circuit's standard to the case at bar, Plaintiff's Motion for Reconsideration fails because he is merely arguing that the Court made an error of legal reasoning.[12]

As Defendants asserted in their previously granted Motion for Summary Judgment, Plaintiff failed to exhaust the administrative remedies available to him.  Plaintiff's Motion for Reconsideration does not assert new facts or a change in the legal standard, to support his claim that the Court's dismissal of this case was "improper."  Instead, Plaintiff seems to be asserting that he wants another "bite at the apple."[13]  Plaintiff's request is improper under both Rules 59(e) and 60(b) and applicable case law.

In addition, Plaintiff's request that he be allowed additional time to *now* exhaust the administrative remedies available to him in an attempt to "cure" his pleading defect is barred. The Supreme Court held in *Woodford v. NGO*, 126 S.Ct. 2378 (June 26, 2006), that the Prison Litigation Reform Act requires *proper* exhaustion of administrative remedies at the time they are available.  Thus, Plaintiff's request for "more time" is specifically prohibited by *Woodford*. As a result, Plaintiff's attempt to cure the defects in his pleadings at this late stage would be futile and his Motion for Reconsideration must be denied.

B.     **Plaintiff's Motion is Untimely.**

Should the Court find that Plaintiff's Motion for Reconsideration was brought under FED.

---

[11] *See District of Columbia Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 451-53 (D.C. Cir. 1975).
[12] *Ward v. Kennard*, 200 F.R.D. 137 (D.D.C. 2001).
[13] *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136 (2d Cir. 1998); *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995); *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 664 (Fed. Cir. 1986).

R. CIV. P. 59(e), the Motion is untimely.  Rule 59(e) states that: "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."[14]

In this case, the final judgment granting Defendants' CCA and London's Motion for Summary Judgment was entered on September 28, 2006.  Plaintiff subsequently filed his Motion for Reconsideration on October 20, 2006.  Plaintiff failed to file his Motion for Reconsideration within the 10 day period, and should be denied on this basis alone.

## II.    CONCLUSION

Plaintiff has provided no evidence or legal basis to support his Motion for Reconsideration.  The Court has been fully apprised of the applicable case law regarding Plaintiff's failure to exhaust the administrative remedies available to him before filing the subject litigation, a violation of the Prison Litigation Reform Act.  Thus, the Court's September 28, 2006, Order does not require further reconsideration or clarification.  Accordingly, the Court should deny Plaintiff's Motion for Reconsideration.

RESPECTFULLY SUBMITTED this ___3___ day of November, 2006.

---

[14] Plaintiff failed to assert whether his Motion for Reconsideration was filed under Rule 59(e) or Rule 60.  Accordingly, Defendants assert that his Motion was untimely under Rule 59(e).

| | |
|---|---|
| Dated: November __3__, 2006 | By:   s/Jennifer Holsman<br>Daniel P. Struck, (Bar No. C0037)<br>Jennifer L. Holsman, (Bar No. 0495296)<br>JONES, SKELTON & HOCHULI, P.L.C.<br>2901 North Central Avenue, Suite 800<br>Phoenix, AZ 85012<br>Telephone: 602-263-1700<br>Facsimile:  602-263-1784<br><br>Kelvin L. Newsome (No. 439206)<br>Megan Ben'Ary (No. 493415)<br>LeClair Ryan, A Professional Corp.<br>225 Reinekers Lane, Suite 700<br>Alexandria, VA 22314<br><br>Attorneys for Defendants<br>Corrections Corporation of America and Dale London |

## CERTIFICATE OF MAILING

I HEREBY Certify that a complete copy of the foregoing has been mailed, US postage, prepaid to the following:

Keionta Hagens,
Inmate #31585-007
Big Sandy US Penitentiary
PO Box 2068
Inez, Kentucky 41224


s/Jennifer Holsman