UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Keionta Hagens,               :
                              :
          Plaintiff,          :
                              :
v.                            :     Civil Action No. 05-1917 (CKK)
                              :
Corrections Corporation of    :
America, *et al.*,            :
                              :
          Defendants.         :

MEMORANDUM AND ORDER

By motion filed on October 20, 2006, plaintiff seeks reconsideration of the Order of September 28, 2006, dismissing this case. Motions for reconsideration are committed to the sound discretion of the trial court. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). A motion for reconsideration need not be granted "unless the district court finds that there is an intervening change in controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *Id.* (citations and quotations omitted). Having considered the motion and defendants' respective oppositions, the Court finds no grounds for vacating the dismissal order.

Plaintiff reiterates arguments the Court considered in granting the summary judgment motions of the Corrections Corporation of America ("CCA") and Dale London. The Court will not revisit them here. Plaintiff claims that the Court erroneously granted the District of Columbia's motion to dismiss as conceded. He has not, however, shown by citation to the record that he filed a timely opposition to the District's motion or sought additional time to file his opposition. The Court's ruling therefore was not error.

In the current motion, plaintiff nevertheless asserts that his references to the District's liability in his opposition to CCA's motion somehow preserve his opposition to the District's motion. *See* Motion at 7. The Court need not dwell on the propriety of this assertion because it

concludes that reopening the case for a merits determination on the claim against the District would be an exercise in futility. A municipality may be liable for damages under 42 U.S.C. § 1983 only when it is shown that the municipality was the "moving force" behind the constitutional violation by way of an unconstitutional policy, practice, or custom promulgated or sanctioned by the municipality. *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986) (quoting *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694 (1978)); accord *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000); *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (1997). Section 1983 liability cannot be based on a theory of *respondeat superior*. *Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C. Cir. 2002) (citing *Monell*, 436 U.S. at 691).

Plaintiff seeks to hold the District of Columbia liable for contracting with CCA (to manage CTF) allegedly with knowledge that CCA staff had a "history of abusive conduct." Motion at 7. He has not alleged, however, that the District failed to act on known constitutional violations committed by CCA employees at CTF. Rather, he presents portions of two transcripts of *60 Minutes* broadcasts from 1998 and 1999 chronicling the impact of a CCA-run facility in Youngstown, Ohio, on that community. Pl.'s Motion to Oppose Summary Judgment [Dkt. No. 32], Exs.2, 3. The transcripts provide no basis for holding the District of Columbia liable under § 1983 because they shed no light on staffing or any other practices at CTF. Moreover, plaintiff's speculation about the District's contracting practices fail to establish the District as the "moving force" behind the alleged abusive behavior of two CCA employees during a single encounter with plaintiff. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing,

2

unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *Ali*, 278 F.3d at 8 ("*Monell* . . . expressly states that 'a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'") (quoting *Monell*, 436 U.S. at 694); *cf. Baker v. District of Columbia*, 326 F.3d 1302, 1306-07 (D.C. Cir. 2003) (describing "a number of ways in which a 'policy' can be set by a municipality to cause it to be liable under § 1983"). Accordingly, it is

ORDERED that plaintiff's motion for reconsideration [Dkt. No. 45] is DENIED. The case stands dismissed.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: November 21, 2006